**George HADLEY, etc., Plaintiff,**

v.

**E.F. HUTTON & CO., INC., Defendant.**

**No. 87–1674–CIV–T–17(A).**

United States District Court,
M.D. Florida,
Tampa Division.

March 13, 1989.

Michael C. Addison, Addison, Ketchey & Horan, P.A., Tampa, Fla., for plaintiff.

Richard Candelora, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, Marvin E. Barkin, Trenam, Simmons, Kemker, Scharf, Barkin, Fyre & O'Neill, Tampa, Fla., for defendant.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

The cause is before the Court on the following motion, responses, or other pleadings:

1. Plaintiff's motion for summary judgment as to certain affirmative defenses and memorandum in support thereof, filed January 10, 1989.

2. Defendant's memorandum of law in opposition to Plaintiff's motion for summary judgment, filed January 24, 1989.

3. Defendant's motion for summary judgment and memorandum in support thereof, filed January 25, 1989.

4. Plaintiff's notice of correction in date in Plaintiff's memorandum in support of motion for summary judgment, filed January 25, 1989.

5. Defendant's request for oral argument on motion for summary judgment, filed January 25, 1989.

6. Affidavit in opposition to Plaintiff's motion for summary judgment, filed January 31, 1989.

7. Plaintiff's memorandum of law in opposition to Defendant's motion for summary judgment, filed February 9, 1989.

8. Affidavit in support of Plaintiff's memorandum in opposition to Defendant's motion for summary judgment, filed February 9, 1989.

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–7 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. 477 U.S. at 322, 106 S.Ct. at 2552–53, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at p. 324, 106 S.Ct. at 2553, 91 L.Ed.2d at p. 274.

The complaint in this case was filed in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. The cause was removed to this Court, based on diversity jurisdiction, on November 12, 1987. The complaint contained three (3) counts: 1) negligence; 2) conversion; and 3) improperly charging interest charges on the credit extended to Government Securities Inc. (GIC).

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSES

Plaintiff seeks summary judgment as to the following affirmative defenses: 1) defense 7—that Defendant was a bona fide purchaser and 2) defense 29—statute of limitations. As to defense 7, Plaintiff asserts that it cannot be asserted because William Dalmasso, the account executive of the GIC account, acknowledged and admitted that he knew the following: 1) that GIC was selling to retail customers; 2) that GIC was selling to retail customers at a high turnover rate; and 3) that as soon as a bond was available GIC would sell to a retail customer who would pay GIC immediately. Plaintiff concludes that based on this confessed knowledge that Defendant, therefore, knew that "when it liquidated securities held in GIC's margin account with Hutton, the securities were fully paid customer securities, paid for by the customers of GIC." Plaintiff asserts that Defendant cannot claim that it was a bona fide purchaser for value, without notice of any adverse claim.

■ A bona fide purchaser takes delivery of a security in bearer form or registered form issued to him or endorsed in blank by purchasing for value in good faith and without notice of any adverse claim. Section 678.302, Florida Statutes; Section 47–8–302, Tennessee Code Annotated. Notice of a fact may be when a person has

actual knowledge of the fact, or he has received a notice or notification of it, or when "from all the facts and circumstances known to him at the time in question he had reason to know that it exists." Section 671.201(25)(c), Florida Statutes; Section 47-1-201(25)(c), Tennessee Code Annotated.

The Court has reviewed the motion and response as to this issue and finds that the motion for summary judgment as to defense 7 should be denied. There is a factual question of material fact as to whether under the circumstances of this case Defendant had notice of an adverse claim as to defeat the defense of being a bona fide purchaser.

■ The second issue of Plaintiff's motion for summary judgment pertains to defense–29, the statute of limitations. In its response, Defendant asserts only that the applicable statute of limitations is a bar to the claim for improper charging of interest. Therefore, as to the other two claims of the complaint, negligence and conversion, the motion for summary judgment should be granted.

Plaintiff asserts that the improper charging of interest in the trading account began by at least March 13, 1983, and continued until 1985. There are three states, Florida, Tennessee, and New York, whose statute of limitations might possibly apply. Plaintiff asserts that the issue must be determined by the "significant relationship" test, a factual determination not yet addressed. Defendant asserts that there is a forum selection clause in the Customer Agreement, which stipulate that the laws of the State of New York shall govern the issues.

Clearly, there are factual issues as to whether or not the defense of statute of limitations may be asserted as to the claim for improper charging of interest. If the New York statute of limitations is appropriate, only those improper interest charges occurring during the three years preceding the filing of the action (from November 1984) would not be time barred. Under the statutes of limitations of Florida or Tennessee none of the claims for improper charging of interest would be time-barred. Therefore, as to the claim for the improper charging of interest, the motion for summary judgment should be denied.

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant seeks dismissal or summary judgment on all claims brought by Plaintiff. As a basis for the motion Defendant asserts the following:

1. Plaintiff does not possess valid claims against Defendant, because the claims asserted are not rights or causes of action belonging to GIC as required under Sections 704 and 541 of the Bankruptcy Code.

2. Defendant was not informed that the securities in the account were for the customers of GIC nor was it instructed to segregate or maintain securities for those customers. Therefore, there was no duty on behalf of Defendant for the protection of the customers.

3. Plaintiff does not have a cause of action for negligence because:

a. The only duties between Defendant and GIC were established by the agreements creating the account relationship. Defendant carried out its duties under that account and its actions were directed and approved by GIC at all times.

b. GIC appropriately and accurately carried out all directions of GIC and executed all transactions pursuant to proper authority, all funds were received, all securities were accounted for, all interest properly charged and no market losses are claimed as damages.

c. Damages to customers of GIC and duties to those customers (if such exists) cannot be asserted by Plaintiff.

d. Plaintiff cannot bring a negligence action for economic damages absent personal injury or property damages where all rights are essentially contractual.

e. The negligence claims are barred, as a matter of law, by the contributory negligence and the intervening cause

of the intentional conduct of GIC and its chief officers and shareholders.

4. Plaintiff does not have a claim for conversion, as a matter of law because:

a. All transactions were specifically authorized by contract or by the express direction of authorized agents and officers of GIC.

b. The liquidation of securities by Defendant in its account was the liquidation of a valid security interest for adequate compensation and was specifically authorized in contract and in law.

c. GIC was not damaged by the liquidation of its account with Defendant, as all obligations paid were correct in amount and pursuant to agreed upon terms and liquidations were conducted in the normal course of business.

5. At no time was Defendant required to inquire as to GIC's transactions with their customers and no such obligation exists at law.

6. At all relevant times, Defendant acted in a commercially reasonable manner.

7. Pursuant to the pledge agreements, Defendant extended credit to GIC and perfected a security interest in the securities maintained in the account of GIC.

8. The Customer Agreement executed by GIC provides that interest on debit balances shall be charged in accordance with the interest computation schedule provided under Rule 10b–16 of the Securities Exchange Act of 1934. All interest charges were based on the extension of credit in accord with the relevant agreements.

9. Recovery by Plaintiff is barred by the doctrine of *in pari delicto*, unclean hands, fraud, and contributory negligence.

The Court has previously addressed the issue of the standing of the bankruptcy trustee to bring this suit. By orders of January 19, 1988, and April 25, 1988, the Court found that Plaintiff had standing to bring suit. Upon due consideration, the Court readopts the reasoning and decision of those orders. Defendant's motion for summary judgment, insofar as it is based on the question of standing of the bankruptcy trustee, should be denied.

The Court, pursuant to 28 U.S.C. Section 1292(b) states, it is of the opinion that this portion of the order concerns a controlling question of law as to this cause, to which there is substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of the litigation in this cause.

The remaining portion of Defendant's motion for summary judgment goes to whether or not there are material issues of fact presented by the pleadings and supporting documentation as to the three counts (negligence, conversion, and illegal charging of interest) asserted by the complaint. Upon review of the motion and response, the Court finds persuasive the opposition to the motion for summary judgment. The Court finds there are material issues of fact pending for resolution by the finder of fact. Accordingly, it is

ORDERED that the request for oral argument be denied, Plaintiff's motion for summary judgment on defense–7 be denied; Plaintiff's motion for summary judgment on defense–29 be granted as to the claims for negligence and conversion and denied as to the claim for improper charging of interest; that Defendant's motion for summary judgment on the issue of standing be denied; and Defendant's motion for summary judgment on the remaining issues be denied.

DONE AND ORDERED.