### In re GIC GOVERNMENT SECURITIES, INC., Debtor.

**Bankruptcy No. 85–2784–8P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 6, 1990.

Hywel Leonard, Esquire, for debtor.

Lynne L. England, Asst. U.S. Trustee, Michael C. Addison, Sp. Counsel, for trustee.

## ORDER ON APPLICATION FOR FEES BY ADDISON, KETCHEY & HORAN, P.A.

ALEXANDER L. PASKAY,
Chief Judge.

THIS IS a Chapter 7 stockbroker liquidation case and the matter under consideration is the Application for Fees filed by Addison, Ketchey & Horan, P.A. (Addison, Ketchey). Addison, Ketchey was authorized by this Court to serve as special counsel for George Hadley, the Trustee in this Chapter 7 liquidation case after the Trustee filed an Application for Authorization To Employ Addison, Ketchey in order to pursue claims in excess of $6 million from E.F. Hutton & Co., Inc., and other major security brokerage houses. Addison, Ketchey seeks fees of $336,414.80 for services rendered to the Trustee for the period from May 7, 1987 through June 21, 1990, claiming to have spent 3,483.4 hours in conjunction with the services rendered to the Trustee.

At the initial hearing on the Application to employ Addison, Ketchey, this Court expressed its reluctance to authorize the employment for the purpose of filing a suit on behalf of the Trustee to recover damages from E.F. Hutton & Co., Inc., in light of the Supreme Court decision in *Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972). In *Caplin,* the Supreme Court held that a reorganization trustee had no standing to assert against a third party, the trustee for debenture holders, claims on behalf of holders of the debtor's debentures. *Caplin* was decided under the Act of 1898; however, *Caplin* has been held still the law by several circuits. *See In re Ozark Restaurant Equipment Co., Inc.*, 816 F.2d 1222 (8th Cir.1987), *cert. denied,* 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987) (Chapter 7 trustee had no standing under § 544 of the Bankruptcy Code to bring cause of action on behalf of corporate debtor's creditors); *Williams v. Calif. 1st Bank,* 859 F.2d 664 (9th Cir.1988) (Chapter 7 trustee had no standing to bring suit against bank on behalf of debtor's creditors, even though creditors assigned to trustee their claims.) *See also, Koch Refining v. Farmers Union Cent. Exchange, Inc.,* 831 F.2d 1339 (7th Cir.1987), *cert. denied,* 485 U.S. 906, 108 S.Ct. 1077, 99 L.Ed.2d 237 (1988).

Notwithstanding this Court's reluctance to authorize the employment of Addison, Ketchey in light of *Caplin* and its progeny, the "victims committee" urged that the Application for Employment should be approved because of the potential recovery of $6 million. This Court did ultimately approve the Application for employment of Addison, Ketchey, and the law firm filed

suit on behalf of the Trustee in the Circuit Court, which was removed to the district court based on diversity jurisdiction. *Hadley v. E.F. Hutton & Co., Inc.*, 707 F.Supp. 509 (M.D.Fla.1989).

In the District Court, the Trustee's Motion for Summary Judgment on the issue of standing was granted initially in part, and E.F. Hutton's Motion for Summary Judgment on the same issue was denied. However, because the standing issue concerned a question of law involving a substantial ground for difference of opinion, the District Court certified the standing issue for an immediate interlocutory appeal. On appeal, the Eleventh Circuit Court of Appeals determined that the Trustee lacked standing to bring an action on behalf of creditors of the debtor. *E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d 979 (11th Cir.1990). The Circuit Court remanded the case back to the District Court with instructions to dismiss the case for lack of standing. The Circuit Court in its decision relied heavily on the Supreme Court's decision in *Caplin, supra,* a case which was of concern to this Court initially when it considered the Application To Employ Addison, Ketchey as special counsel.

Pursuant to the mandate issued by the Eleventh Circuit Court of Appeals, the District Court entered a Final Judgment on September 6, 1990, in favor of E.F. Hutton, and against the Trustee.

 In reviewing the Fee Application under consideration, it should be noted at the outset that this Court has no quarrel with the number of hours spent by the law firm, nor does the Court find the blended hourly rate of $96 per hour to be excessive. Thus, based on the lodestar principle, this Court ordinarily would not have any difficulty to conclude that the fees sought by Addison, Ketchey are more than reasonable. *Norman v. The Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir.1988). However, in evaluating fee applications, this Court must also consider the factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), which were made applicable to bankruptcy proceedings in *In re*

*First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir.1977), *cert. denied*, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977). One of the factors in *Johnson* considers the amount involved and the ultimate results obtained.

 Thus, if this Court considers only the results obtained, this Court might be inclined to disapprove the Fee Application in toto. It is clear that the efforts of the law firm, notwithstanding the fact that the quality of the services rendered might have been adequate or even superior, produced no benefit at all for the Debtor's estate. However, this Court is mindful of the fact that the law firm was not employed to serve as special counsel for the Trustee on a contingency fee basis. Thus, it would be patently unfair to disapprove the Fee Application in toto. Notwithstanding, this Court must be mindful of the fact that considering the Supreme Court's decision in *Caplin*, it was likely that the undertaking by the law firm involved substantial risk, and it was also more than likely that the Trustee would have no standing to sue E.F. Hutton.

Thus, while it would be patently unfair to the law firm to disapprove in toto the Application for Allowance, it is equally clear that it is appropriate to reduce the amount of fees. In *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Supreme Court held that "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988." In sum, this Court is satisfied that it is appropriate to consider the lack of success of the law firm when determining the appropriate fee award. Accordingly, this Court is constrained to conclude that some reduction of the amount sought is appropriate under the circumstances, and the award shall not be more than $285,000.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the First Application for Reimbursement of Fees by Addison, Ketchey & Horan, P.A., be, and the same is hereby, approved in part and disapproved in part, and the law firm of Addison, Ketchey &

Horan, P.A., is awarded fees in the amount of $285,000.

DONE AND ORDERED.