**In re CONSTANT CARE COMMUNITY HEALTH CARE, INC., Debtor.**

**Bankruptcy No. 88–5–1681–JS.**

United States Bankruptcy Court, D. Maryland.

July 18, 1989.

See also, Bkrtcy., 99 B.R. 697.

Howard A. Rubenstein, Adelberg, Rudow, Dorf, Hendler & Sameth, Baltimore, Md.

Randall Lutz, Kaplan, Heyman, Greenberg, Engleman & Belgrad, P.A., Baltimore, Md.

## MEMORANDUM OPINION DENYING FEE APPLICATION OF COUNSEL TO THE DEBTOR WITH LEAVE TO AMEND

JAMES F. SCHNEIDER, Bankruptcy Judge.

Howard A. Rubenstein and Adelberg, Rudow, Dorf, Hendler & Sameth, ["Adelberg, Rudow"], counsel to the Chapter 11 debtor in this case, have applied for approval of compensation in the amount of $60,000. The application will be denied at this time with leave to file a new application.

## FINDINGS OF FACT

1. The instant Chapter 11 bankruptcy case was initiated on June 8, 1988 by the filing of a voluntary petition by Constant Care Community Health Center, Inc., a health maintenance organization. By Order [P. 8] dated June 13, 1988, the Court approved the employment of Howard A. Rubenstein and Adelberg, Rudow, and Randall M. Lutz and Kaplan, Heyman, Greenberg, Engleman and Belgrad, P.A. ["Kaplan, Heyman"] as counsel to the debtor. Mr. Lutz and Kaplan, Heyman were appointed as general counsel to represent the debtor in "areas of health care as they related to the[se] proceedings." Application [P. 6]. Mr. Rubenstein and Adelberg, Rudow were appointed bankruptcy counsel to the debtor. Each firm was paid a $15,000 retainer.

2. On November 15, 1988, Mr. Lutz and Kaplan, Heyman filed an application for interim compensation [P. 47] in the amount of $39,200 [1] and for reimbursement of expenses in the amount of $584.61.

3. The instant case had been pending for less than a year when the debtor's

---

1. This figure included the $15,000 retainer which was already paid. The application also indicated that the "applicant seeks to be paid 75% of the time value of the balance outstanding ($24,200.00) or $18,150.00 ..." *Id.*

Chapter 11 plan was confirmed by Order [P. 107] dated May 17, 1989.

4. On May 26, 1989, Mr. Rubenstein and Adelberg, Rudow filed the fee application which is presently before the court. The firm's time records were filed with the application. The requested fee in the amount of $60,000 is based upon 434.2 hours expended and an estimated ten additional hours to be expended in the future. Mr. Rubenstein has apportioned the $15,000 retainer in the following manner: $12,500 for legal services and $2,500 as a deposit for costs. Disclosure of compensation [P. 2]. The balance of out-of-pocket costs for which counsel seeks reimbursement is $89.72.

The fee application does not contain a required lodestar analysis, except for the following statement:

> [4.] In determining the reasonableness of the value of the services rendered, Applicant has used the "Lode Star" approach. Applicant believes that based upon Applicant's expertise in the area of bankruptcy and insolvency matters, the degrees of expertise required in the handling of this matter, the time expended and the results achieved and considering the fees that would be chargeable in non-bankruptcy matters, Applicant believes that the time value of his services is the correct measure.[2]

Application [P. 109].

5. No objections have been filed to the application. Nevertheless, the Court will not grant counsel fees to debtor's counsel unless and until a new application is filed.

## CONCLUSIONS OF LAW

■ 1. The fee application is legally deficient in numerous respects. First and foremost, despite the statement quoted in Finding of Fact No. 4, the application contains *no* lodestar analysis to aid this Court in determining a proper fee award in this case. According to the statement, it is the applicant's belief that "the time value of his services is the correct measure." Unfortunately, such a belief negates a lodestar approach.

2. The Fourth Circuit Court of Appeals has mandated that a lodestar analysis be undertaken in the award of counsel fees in bankruptcy cases. *Harman v. Levin*, 772 F.2d 1150 (4th Cir.1985), (applying the 12 factors set forth in the leading case of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)). The 12 factors are:

(1) The time and labor required.

(2) The novelty and difficulty of the questions.

(3) The skill requisite to perform the legal service properly.

(4) The preclusion of other employment by the attorney due to acceptance of the case.

(5) The customary fee.

(6) Whether the fee is fixed or contingent.

(7) Time limitations imposed by the client or the circumstances.

(8) The amount involved and the results obtained.

(9) The experience, reputation and ability of the attorneys.

(10) The "undesirability" of the case.

(11) The nature and length of the professional relationship with the client.

(12) Awards in similar cases.

*Johnson v. Georgia Highway Express, Inc., supra,* at 717–719.

■ 3. The application must identify the attorneys from Adelberg, Rudow in addition to Mr. Rubenstein who were assigned to the case, their level of compensation and their experience so that the Court may judge whether the case was economically staffed. The application does not disclose the hourly rates charged.

4. The Court authorized the employment of two law firms by the debtor with the understanding that each would handle discrete aspects of the case. However, the application seems to indicate that there has been unnecessary duplication of services, which the Court will not compensate. Reference to Mr. Lutz's interim fee application

---

**2.** Who is the applicant? The application does not identify any individuals who worked on the case aside from Mr. Rubenstein, although other names are included in the time records.

indicates a great potential for overlapping of responsibilities. For this reason, no compensation will be awarded at this time to Adelberg, Rudow until Kaplan, Heyman applies for a final fee.

5. The application now before the Court neither indicates the dates upon which the various categories of services were performed nor the number of hours required to perform them. The Court needs such information in order to make an informed judgment as to whether the time and labor expended by counsel in the performance of various tasks was reasonable.

■ 6. Some of the services for which counsel seeks reimbursement as out-of-pocket expenses are not compensable because in actuality they represent overhead expenses. The Court is not going to allow reimbursement for such charges as postage, messenger services, facsimile transmissions and telephone calls. The application is devoid of any description of the expenses for which reimbursement is sought. The Court has had to resort to counsel's time records in order to determine the nature of these expenses. The expenses must be disclosed in the application itself.

■ 7. As previously indicated, where the debtor, with court approval, engaged two law firms to represent it in this somewhat complicated case, the Court will require both firms to apply for final compensation *at the same time*. If no further compensation is being sought by Mr. Lutz and Kaplan, Heyman, they should so indicate. In either event, the application presently before the Court[3] must be amended to conform to this opinion. Such an amended application must be submitted within 60 days. The Court will require Kaplan, Heyman to submit any final fee application within the same time period.

ORDER ACCORDINGLY.

---

**3.** Is this a final fee application or one for an interim fee? It appears to be a final fee application, but the application does not so state.