In re BICOASTAL CORPORATION, d/b/a Simuflite, f/k/a The Singer Company, Debtor.

Bankruptcy No. 89–8191–8P1.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Nov. 19, 1990.

See also 118 B.R. 855.

Brown & Wood, Official Committee of Unsecured Creditors, New York City, for creditors committee.

Stewart J. Kahn, Kahn Consulting Inc., New York City, for movant.

Francis H. Cobb, Dykema Gossett, Tampa, Fla., for unsecured creditors' committee.

Lynne England, Tampa, Fla., Asst. U.S. Trustee.

Harley Riedel, II, Stichter & Riedel P.A., Tampa, Fla., Donald E. Engle, Oppenheimer Wolff & Donnelly, St. Paul, Minn., for debtor.

## ORDER ON MOTION FOR CLARIFICATION OF ORDER ON APPLICATION OF BROWN & WOOD FOR INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration, ex parte, upon the Motion for Clarification of Order on Application of Brown & Wood for Interim Compensation for Services Rendered and Reimbursement of Expenses filed by Brown & Wood in the above-captioned Chapter 11 case. Brown & Wood was authorized by this Court to be employed as attorneys for the Official Creditors Committee in this case. On April 5, 1990, Brown & Wood filed its first Application for Interim Compensation and Reimbursement of Expenses for the time period from December 5, 1989 through February 28, 1990. In the Application, Brown & Wood sought an award of fees in the amount of $360,058.90 and reimbursement of expenses in the amount of $53,699.57.

The matter was scheduled for hearing with proper notice given to all parties of interest. The Court considered the fee Application, together with the record and argument of counsel, and on August 28, 1990, this Court entered an Order awarding Brown & Wood fees in the amount of $251,-768.17 and expenses in the amount of $6,331.98.

Because the Court failed to make specific findings in its Order, Brown & Wood filed a Motion for Clarification of the Court's Order. This Court finds that it is appropriate to enter an Order granting the Motion of Brown & Wood to clarify its Order on the Application of Brown & Wood for Interim Compensation.

## APPLICATION FOR COMPENSATION FOR SERVICES RENDERED

 In evaluating the Application of Brown & Wood for interim compensation

for services rendered and reimbursement of expenses, the Court considered the lodestar principle, which is based on the number of hours reasonably spent multiplied by a reasonable hourly rate. *Norman v. The Housing Authority of the City of Montgomery,* 836 F.2d 1292 (11th Cir.1988). This Court also considered the factors identified in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), which were made applicable to bankruptcy proceedings in *In re First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir.1977), *cert. denied,* 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977). These factors include:

1) The time and labor required.

2) The novelty and difficulty of the questions involved.

3) The skill requisite to perform the services properly.

4) The preclusion of other employment due to acceptance of the case.

5) The customary fee.

6) Whether the fee is fixed or contingent.

7) Time limitations imposed by the client or other circumstances.

8) The amount involved and the results obtained.

9) The experience, reputation and ability of the professionals.

10) The nature and length of the professional relationship with the client.

11) The undesirability of the case.

12) Awards in similar cases.

■ This Court did not award fees to Brown & Wood for services that were purely clerical or secretarial. This is so because first, they are not legal services rendered by an attorney, but most importantly, they are subsumed in the hourly rate of the attorney and clearly part of the overall overhead, i.e., cost of operation of Brown & Wood. *In re Yankton College,* 101 B.R. 151 (Bankr.D.S.D.1989). Similarly, no compensation was allowed for paralegals performing clerical functions such as organizing files, copying documents, checking the docket, updating files, checking court dates and delivering papers. *See In re Bond's*

*Lucky Foods, Inc., #1,* 76 B.R. 664 (Bankr. E.D.Ark.1986); *In re Lanier Spa, Inc.,* 99 B.R. 490 (Bankr.N.D.Ga.1989); *In re Prairie Central Railway Co.,* 87 B.R. 952 (Bankr.M.D.Ill.1988). On the other hand, services rendered by paralegals that were more in the nature of legal work rather than clerical work were compensable, albeit only at a reasonable rate and not necessarily at the rate charged by a law firm for the services rendered by a paralegal.

■ This Court did award fees to Brown & Wood for time spent preparing their fee applications; however, this Court is of the opinion that compensation for preparing fee applications must be at a grossly reduced rate and certainly should not include an award for time spent for collating the time logs into one single document by the staff, even if this task is performed by a paralegal. *In re Nucorp Energy, Inc.,* 764 F.2d 655 (9th Cir.1985). The time spent which is compensable for this service is limited to the time spent by the attorney to review the compilation, for the limited purpose to determine which services rendered were, in fact, legal services and, of course, to draft the narrative description with legal citations of the services rendered by the attorney. *See In re Neibart Associates Press, Inc.,* 58 B.R. 212 (Bankr.E.D.N.Y. 1985); *In re Rego Crescent Corp.,* 37 B.R. 1000 (Bankr.E.D.N.Y.1984); *In re Wabash Valley Power Ass'n, Inc.,* 69 B.R. 471 (Bankr.S.D.Ind.1987); *Rose Pass Mines, Inc. v. Howard,* 615 F.2d 1088, 1093 (5th Cir.1980).

■ A fee application should provide the Court with sufficient information to determine whether services rendered were reasonable and necessary. *In re Wildman,* 72 B.R. 700, 708 (Bankr.N.D.Ill.1987), *citing, In re Jensen–Farley Pictures, Inc.,* 47 B.R. 557, 582 (Bankr.D.Utah 1985). When services rendered by Brown & Wood were described so that the court could not objectively determine if the services were reasonable and necessary, compensation for those services was not awarded. *In re Wildman,* at 708; *In re First Colonial Corp. of America, supra.*

## APPLICATION FOR REIMBURSEMENT OF EXPENSES

 The governing principle in evaluating the Applications of Brown & Wood for Reimbursement of Expenses was that expenses which are properly attributable to overhead can not be reimbursed because they are built into the hourly billing rate of Brown & Wood and should not be borne by the Debtors. *In re Wildman*, at 731; *In re Pacific Express, Inc.*, 56 B.R. 859 (Bankr.E.D.Cal.1985). Additionally, where the description of expenses was vague and nonspecific, this Court did not award reimbursement of those expenses.

 This Court did not award reimbursement for postage expenses unless this Court directed Brown & Wood to mail out notices. Postage expenses are overhead expenses built into the hourly rate charged by Brown & Wood. Absent a showing that postage expenses are extraordinary, these expenses are noncompensable. *In re Florida Brethren Homes, supra; In re Dinsmore Tire Center, Inc.*, 81 B.R. 136 (Bankr.S.D.Fla.1987); *In re Churchfield Management and Inv. Corp.*, 98 B.R. 838 (Bankr.N.D.Ill.1989); *In re Constant Care Community Health Care, Inc.*, 103 B.R. 110 (Bankr.D.Md.1989).

 This Court also did not award reimbursement for secretarial charges, including overtime charges, because these are considered overhead expenses which are not to be borne by the Debtors' estates. *Matter of Pothoven, supra; In re Leonard Jed Co.*, 103 B.R. 706 (Bankr.D.Md.1989); *In re Command Services Corp.*, 85 B.R. 230 (Bankr.N.D.N.Y.1988); *In re Gulf Consolidated Services, Inc.*, 91 B.R. 414 (Bankr.S.D.Tex.1986). Similarly, expenses attributable to word processing and clerical duties performed by the staff of Brown & Wood constitute a cost of doing business which is built into their billing rate and should not be borne by the Debtors' estates. *Matter of D–Lites of America, Inc.*, 92 B.R. 554 (Bankr.N.D.Ga.1988); *In re Churchfield Management and Inv. Corp., supra; In re Seneca Oil Co.*, 65 B.R. 902 (Bankr.W.D.Okla.1986).

 Travel expenses associated with local travel and meal expenses were not awarded. *In re First Software Corp.*, 79 B.R. 108 (Bankr.D.Vt.1986). *In re Island Helicopter Corp.*, 53 B.R. 71 (Bankr.N.Y.1985); *In re Tom Carter Enterprises, Inc.*, 55 B.R. 548 (Bankr.C.D.Cal.1985). Reimbursement for hotel expenses was allowed only to the extent that they appeared to be reasonable; extravagant hotel expenses were not allowed. Expenses associated with express mail and messenger delivery services are considered to be overhead and therefore were not awarded. *In re Convent Guardian Corp.*, 103 B.R. 937 (Bankr.N.D.Ill.1989); *In re Constant Care Community Health Care, Inc., supra.* Copy charges also constitute an overhead expense that should not be borne by the Debtors' estates. *In re Miami Optical Export*, 101 B.R. 383 (Bankr.S.D.Fla.1989); *In re Siesta Sands Development Corp.*, 84 B.R. 789 (Bankr.S.D.Fla.1988); *In re Beck–Rumbaugh Assoc., Inc.*, 68 B.R. 882 (Bankr.E.D.Pa.1987).

 Finally, this Court considered whether computer research charges incurred by Brown & Wood were compensable or whether they are considered to be general overhead expenses and therefore are not properly charged against the Debtors' estates. While the views on this proposition are not uniform, this Court is of the opinion that Lexis charges are part of the general overhead and are not compensable. *See In re Florida Brethren Homes, Inc.*, 97 B.R. 652 (Bankr.S.D.Fla.1989); *Matter of Pothoven*, 84 B.R. 579 (Bankr.S.D.Iowa 1988); *In re Cuisine Magazine, Inc.*, 61 B.R. 210 (Bankr.S.D.N.Y.1986); *In re ICS Cybernetics, Inc.*, 97 B.R. 736 (Bankr.N.D.N.Y.1989). Therefore, this Court did not award reimbursement for computer research charges. In the opinion of this Court, to accept the proposition that Lexis charges or any other computer research charges are compensable, one should also then conclude that the cost of acquisition of the lawyer's library and the cost of maintaining the library, even possibly, the depreciation of the law books would also be compensable. No one has ever urged such a proposition yet, but, of course, if one

should, it would be clearly rejected as being without any justification.

This Court applied the foregoing general principles to the Application of Brown & Wood for Interim Compensation for Services Rendered and Reimbursement of Expenses and entered an Order accordingly. Therefore, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Clarification of Order on Application of Brown & Wood for Interim Compensation for Services Rendered and Reimbursement of Expenses is granted, and this Court's Order of August 28, 1990, is clarified by the principles outlined above.

DONE AND ORDERED.