**In re GOLD SEAL PRODUCTS CO., INC., Debtor.**

**Application of H.L. RABURN & CO. for Compensation and Objection by Can Corporation of America, Inc.**

**Bankruptcy No. 86–2158.**

United States Bankruptcy Court, N.D. Alabama, S.D.

July 16, 1991.

---

George G. Lynn, Birmingham, Ala., for debtor.

Max C. Pope, Birmingham, Ala., Trustee.

Wilbur G. Silberman, Birmingham, Ala., for Trustee.

Joseph B. Mays, Jr., Birmingham, Ala., for H.L. Raburn & Co.

Charles Cleveland, Birmingham, Ala., for Can Corp. of America, Inc.

## MEMORANDUM OF DECISION

### GEORGE S. WRIGHT, Chief Judge.

This cause came before the court on the application of H.L. Raburn & Co. for compensation for accounting services provided the Chapter 7 Trustee and on the objection of four creditors to that application. The court has presided at three hearings and examined the record. After evaluating the evidence in the framework of applicable law, the court finds that H.L. Raburn & Co.'s application is due to be approved in part and denied in part.

### FINDINGS OF FACT

H.L. Raburn & Co. (Document No. 161 filed on December 13, 1989) applied for $30,393.75 in professional fees plus administrative expenses of $785.00 and photocopying expenses of $129.83 for a total claim of $31,308.58. The $31,308.58 application basically covers the accounting for the Chapter 7 Liquidating Trustee from November 16, 1988 to December 13, 1989 (13 months) and the preparation of four years income tax returns (1986–89). Four separate creditors made objections to the application (Document Nos. 167–168).

The case of the debtor, Gold Seal Products, Inc., was initiated as an involuntary Chapter 7 liquidation on March 17, 1986. Charles Sterne was appointed as the first Trustee, and the properties of the bankruptcy estate were liquidated in 1986–87. After Mr. Sterne became incapacitated, Max Pope was appointed successor Trustee March 22, 1988. On November 16, 1988, the accounting firm of H.L. Raburn & Co. was approved as accountants for the Trustee (Document No. 142) with the following hourly rates: "H.L. Raburn—$100.00 per hour; Hasbrouck Haynes, Jr.—$100.00 per hour; Ruth Reichwein—$75.00 per hour; C.L. Miller—$50.00 per hour; D.L. Webb—$50.00 per hour; and administrative assistance—$20.00 per hour", and "Allowance for expenses (if any): Reimbursement for supplies and incidental expenses".

Three hearings have been held on this application, including two where extensive testimony was taken. On May 16, 1990, the following witnesses testified:

(1) Max Pope, as Trustee;

(2) Hasbrouck Haynes, Jr., on behalf of H.L. Raburn & Co.; and

(3) Ralph Summerford, a practicing CPA in Birmingham, Alabama.

At the second hearing on August 15, 1990, the following witnesses testified:

(1) Merlin Dunkelberger, Jr., a CPA with Beer & Co., Reading, Pennsylvania, who testified as an expert witness for an objecting creditor;

(2) Danny Panos, with Borland, Benefield, Crawford and Webster, who was the accountant for the predecessor Trustee, Charles Sterne;

(3) Helen M. Bell, a creditor and head bookkeeper for Gold Seal Products for thirty (30) years;

(4) John T. McCaw, president of Gold Seal Products; and

(5) Hasbrouck Haynes, Jr., CPA for claimant H.L. Raburn & Co..

After the two hearings, Steve McLaurin, Estate Analyst, made a report on the application for compensation (Document No. 176, filed on August 24, 1990) stating, in essence, that it contained insufficient detail.

On September 5, 1990, the claimant amended its original application and incorporated Exhibit "A" which was the same document that had been attached to the original application (Document No. 161). Also attached to the amendment to the original application were the detailed time reports designated as Exhibit "B." (Some of these time sheets are illegible and impossible to read). Mr. McLaurin noted in a letter filed with the court December 14, 1990 that the amendment did not address the flaws in the application noted in his August 24, 1990 report.

On March 25, 1991, Helen H. Ellis, Estate Analyst for the Western Division of the Northern District of Alabama, filed an Administrative Report (Document No. 182) with the court pointing out various deficiencies in the Raburn application and recommending that only $19,689.60 of the total claim be approved. On March 9, 1991, H.L. Raburn & Co. filed a Response to the Administrative Report (Document No. 184) including an affidavit of Hasbrouck Haynes, Jr. Can Corporation of America, Inc., an objecting creditor, then filed a motion to strike (Document No. 186) and a Response to the Administrative Report of Helen H. Ellis. A further hearing to allow the parties to offer additional arguments on the issues was held April 19, 1991. The court took the application under submission following the April hearing.

Since that time, the court has reviewed the documents in the case in detail. The following chart is a computer spreadsheet prepared by the court on the hours claimed by H.L. Raburn & Co. in its augmented application for professional fees and expenses:

GOLD SEAL PRODUCTS--H.L.RABURN & CO. FEE REQUEST--ANALYSIS OF HOURS CLAIMED

| # | DATE | L.E.THOMPSON HOURS | CUMULAT | C.L.MILLER HOURS | CUMULAT | P.BALLENGER HOURS | CUMULATIV | H.HAYNES HOURS | CUMULATIVE TOTALS | # PRELIM | INITIAL & | 1986 | 1987 | 1988 | 1989 & ADMIN | ACCT. ENTRIES | REVIEW | REVISE OR CORRECT | LUMPED | CUMULATIVE TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 12/29/88 | | 0.00 | 4.00 | 4.00 | | | | 4.00 | 1 | 4.00 | | | | | | | | | 4.00 |
| 2 | 1/4/89 | | | 0.25 | 4.25 | | 0.00 | 0.00 | 4.25 | 2 | 0.25 | | | | | | | | | 4.25 |
| 3 | 1/13/89 | 11.25 | 11.25 | | 4.25 | | 0.00 | 0.00 | 15.50 | 3 | 11.25 | | | | | | | | | 15.50 |
| 4 | 1/23/89 | 0.75 | 12.00 | 0.25 | 4.50 | | 0.00 | 0.00 | 16.50 | 4 | 1.00 | | | | | | | | | 16.50 |
| 5 | 1/31/89 | 3.00 | 15.00 | | 4.50 | | 0.00 | 0.00 | 19.50 | 5 | 3.00 | | | | | | | | | 19.50 |
| 6 | 2/1-2/89 | 6.25 | 21.25 | 0.25 | 4.75 | | 0.00 | 0.00 | 26.00 | 6 | 6.50 | | | | | | | | | 26.00 |
| 7 | 2/28/89 | 15.50 | 36.75 | 0.75 | 5.50 | | 0.00 | 0.00 | 42.25 | 7 | 16.25 | | | | | | | | | 42.25 |
| 8 | 3/15/89 | 77.25 | 114.00 | | 5.50 | | 0.00 | 0.00 | 119.50 | 8 | | 77.25 | | | | | | | | 119.50 |
| 9 | 3/31/89 | 20.00 | 134.00 | 0.25 | 5.75 | | 0.00 | 0.00 | 139.75 | 9 | | 20.25 | | | | | | | | 139.75 |
| 10 | 3/27/89 | 0.00 | 134.00 | 5.25 | 11.00 | | 0.00 | 0.00 | 145.00 | 10 | | | 5.25 | | | | | | | 145.00 |
| 11 | 4/17/89 | 23.00 | 157.00 | | 11.00 | | 0.00 | 0.00 | 168.00 | 11 | | | | | | | 23.00 | | | 168.00 |
| 12 | 4/27/89 | 34.00 | 191.00 | | 11.00 | | 0.00 | 0.00 | 202.00 | 12 | | | 34.00 | | | | | | | 202.00 |
| 13 | 5/4/89 | 23.75 | 214.75 | | 11.00 | | 0.00 | 0.00 | 225.75 | 13 | | | 23.75 | | | | | | | 225.75 |
| 14 | 5/9/89 | 7.50 | 222.25 | | 11.00 | | 0.00 | 0.00 | 233.25 | 14 | | | | 7.50 | | | | | | 233.25 |
| 15 | 6/30/89 | 1.00 | 223.25 | 40.00 | 51.00 | | 0.00 | 0.00 | 274.25 | 15 | | | | | | | 41.00 | | | 274.25 |
| 16 | 7/5/89 | 3.00 | 226.25 | 2.00 | 53.00 | | 0.00 | 0.00 | 279.25 | 16 | | | | | | | 2.00 | | 3 | 279.25 |
| 17 | 7/6/89 | 6.50 | 232.75 | 6.50 | 59.50 | | 0.00 | 0.00 | 292.25 | 17 | | | | | | | 13.00 | | | 292.25 |
| 18 | 7/7/89 | 8.00 | 240.75 | 2.50 | 62.00 | | 0.00 | 0.00 | 302.75 | 18 | | | | | | | | | 10.5 | 302.75 |
| 19 | 7/10/89 | 5.50 | 246.25 | 6.50 | 68.50 | | 0.00 | 0.00 | 314.75 | 19 | | | | | | | | | 12 | 314.75 |
| 20 | 7/11/89 | 2.00 | 248.25 | 7.25 | 75.75 | | 0.00 | 0.00 | 324.00 | 20 | | | | | | | 9.25 | | | 324.00 |
| 21 | 7/13/89 | 0.00 | 248.25 | 3.25 | 79.00 | | 0.00 | 0.00 | 327.25 | 21 | | | | | | | | | 3.25 | 327.25 |
| 22 | 7/14/89 | 0.00 | 248.25 | 3.00 | 82.00 | | 0.00 | 0.00 | 330.25 | 22 | | | | | | | 3.00 | | | 330.25 |
| 23 | 7/17/89 | 0.00 | 248.25 | 4.50 | 86.50 | | 0.00 | 0.00 | 334.75 | 23 | | | | | | | | | 4.5 | 334.75 |
| 24 | 7/28/89 | 0.00 | 248.25 | | 86.50 | 10.50 | 10.50 | 0.00 | 345.25 | 24 | | | | | | | 10.50 | | | 345.25 |
| 25 | 8/14/89 | 0.00 | 248.25 | | 86.50 | 4.75 | 15.25 | 0.00 | 350.00 | 25 | | | | | | | 4.75 | | | 350.00 |
| 26 | 8/31/89 | 1.00 | 249.25 | 2.25 | 88.75 | 15.75 | 31.00 | 0.00 | 369.00 | 26 | | | | | | | 19.00 | | | 369.00 |
| 27 | 8/23-25/89 | | 249.25 | | 88.75 | 9.00 | 40.00 | 0.00 | 378.00 | 27 | | | | | | | 9.00 | | | 378.00 |
| 28 | 9/1/89 | 5.50 | 254.75 | 2.00 | 90.75 | 4.75 | 44.75 | 0.25 | 390.50 | 28 | 0.25 | | | | | | | | 12.5 | 390.50 |
| 29 | 9/5-8/89 | 21.50 | 276.25 | | 90.75 | 2.00 | 46.75 | | 414.00 | 29 | 0.25 | | | | | | | 23.5 | | 414.00 |
| 30 | 9/8/89 | 2.00 | 278.25 | | 90.75 | | 46.75 | | 416.00 | 30 | 0.25 | | | | | | | 2 | | 416.00 |
| 31 | 9/8/89 | 1.50 | 279.75 | | 90.75 | | 46.75 | | 417.50 | 31 | 0.25 | | | | | | | 1.5 | | 417.50 |
| 32 | 9/8/89 | 1.50 | 281.25 | | 90.75 | | 46.75 | | 419.00 | 32 | 0.25 | | | | | | | 1.5 | | 419.00 |
| 33 | 9/11/89 | 6.00 | 287.25 | | 90.75 | | 46.75 | | 425.00 | 33 | 0.25 | | | | | | | 6 | | 425.00 |
| 34 | 9/13-15/8 | 7.00 | 294.25 | | 90.75 | 16.50 | 63.25 | 0.25 | 448.75 | 34 | 0.50 | | | | | | | 23.75 | | 448.75 |
| 35 | 9/21/89 | | 294.25 | 0.25 | 91.00 | | 63.25 | | 449.00 | 35 | 0.50 | | | | | | | 0.25 | | 449.00 |
| 36 | 9/29/89 | | 294.25 | 1.50 | 92.50 | | 63.25 | | 450.50 | 36 | 0.50 | | | | | | | 1.5 | | 450.50 |
| 37 | 9/29-30/89 | | 294.25 | | 92.50 | | 63.25 | 5.5 | 456.00 | 37 | 6.00 | | | | | | | | 5.5 | 456.00 |
| 38 | 10/11/89 | 32.00 | 326.25 | 15.75 | 108.25 | 4.00 | 67.25 | | 507.75 | 38 | 6.00 | | | | | | | 51.75 | | 507.75 |
| 39 | 10/13/89 | | 326.25 | 1.50 | 109.75 | | 67.25 | | 509.25 | 39 | 6.00 | | | | | | | 1.50 | | 509.25 |
| 40 | 10/14/89 | | 326.25 | 3.00 | 112.75 | 10.75 | 78.00 | | 523.00 | 40 | 6.00 | | | | | | | 13.75 | | 523.00 |
| 41 | 10/19/89 | | 326.25 | 3.50 | 116.25 | 7.75 | 85.75 | 4.25 | 538.50 | 41 | 10.25 | | | | | | | 15.5 | | 538.50 |
| 42 | 10/20/89 | 1.00 | 327.25 | | 116.25 | | 85.75 | | 539.50 | 42 | 10.25 | | | | 1 | | | | | 539.50 |
| 43 | 10/26/89 | | 327.25 | 0.75 | 117.00 | | 85.75 | | 540.25 | 43 | 10.25 | | | | | | | 0.75 | | 540.25 |
| 44 | 11/30/89 | | 327.25 | 8.00 | 125.00 | 3.00 | 88.75 | 1 | 552.25 | 44 | 11.25 | | | | 12 | | | | | 552.25 |
| TOTALS: | | | 327.25 | | 125.00 | | 88.75 | 11.25 | 552.25 | | 42.25 | 97.5 | 63 | 7.5 | 13 | 24.75 | 137.5 | 115.5 | 51.25 | 552.25 |
| HOURLY RATE: | | | $50.00 | | $50.00 | | $75.00 | $100.00 | | | | | | | | | | | | |
| FEES: | | | 16,362.50 | | 6,250.00 | | 6,656.25 | $1,125.00 | $30,393.75 | AVG. $55.04 | | | | | | | | | | |

PLUS:
ADMINISTRATIVE                     785
EXPENSES-PHOTOCOPIES           129.83
----------
TOTAL CLAIMED        $31,308.58

The court, having considered all of the evidence elicited in the hearings, the responses, reports, affidavits, and any and all available information concerning this dispute, determines that the application for compensation will only partially be approved.

## CONCLUSIONS OF LAW

### I.

11 U.S.C. § 330(a) AND BANKR. R. 2016 DETERMINE THE DUTIES OF THE PROFESSIONAL APPLICANT AND THE COURT ON FEE APPLICATIONS

A. *11 U.S.C. § 330(a) requires that professionals demonstrate that their services were ACTUAL, NECESSARY AND REASONABLE for the bankruptcy estate in order to be paid.*

Section 330(a) of the Bankruptcy Code governs the allowance of compensation for professionals, such as accountants and lawyers. Section 330(a) provides as follows:

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may

award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) *reasonable* compensation for *actual, necessary* services rendered by such trustee, examiner, professional person or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person or attorney, as the case may be, based on the nature, the extent and the *value* of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for *actual, necessary* expenses.  (emphasis added)

The code section is implemented by Bankr. R. 2016(a) which defines the requirements for applying for reimbursement for actual, necessary and reasonable professional services:

(a) Application for Compensation or Reimbursement.  An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a *detailed statement* of (1) the services rendered and (2) the amounts requested ... (emphasis added)

■ The extensive case law interpreting Section 330(a) and Rule 2016(a) make it clear that a claimant must justify its charges with detailed, specific, item-by-item

documentation and that the bankruptcy court's role is to review that application in detail to make sure that the fees sought reflect actual, necessary and reasonable services which are of benefit to the bankruptcy estate.[1]

■ As emphasized in *In re Bicoastal Corp.*, 121 B.R. 653 (Bankr.M.D.Fla.1990), even overhead expenses which should be built in to the professional's hourly rate should be removed from the approved claim.  The Florida court also noted at 656 that "where the description of expenses was vague and nonspecific, this Court did not award reimbursement of the expenses."

■ While most of the case law dealing with professional fee applications and the court's duty to review the applications concerns legal services, the same standard applies to applications from accountants and other professionals serving the bankruptcy estate.[2]

B. *The bankruptcy court has a duty to examine fee applications to determine whether the charges are ACTUAL, NECESSARY AND REASONABLE, and of benefit to the bankruptcy estate.*

■ The bankruptcy court has an affirmative duty to challenge requested fees even in the absence of an objection.[3]  As an Illinois Bankruptcy Court noted in *In re Stoecker*, 128 B.R. 205 (Bankr.N.D.Ill. 1991):

Even if no objections are raised to a fee application, the Court is not bound to award the fees sought, and in fact, has a

---

1. *See,* in the Eleventh Circuit, *Grant v. George Schumann Tire & Battery Co.,* 908 F.2d 874 (11th Cir.1990); *Port Royal Land & Timber Co. v. Berkowitz, Lefkovits, Isom & Kushner,* 924 F.2d 208 (11th Cir.1991); *In re Bicoastal Corp.,* 121 B.R. 653 (Bankr.M.D.Fla.1990); *In re Cano,* 122 B.R. 812 (Bankr.N.D.Ga.1991); and in other jurisdictions, *In re Landing, Inc.,* 122 B.R. 701 (Bankr.N.D. Ohio 1990); *In re Environmental Waste Control,* 122 B.R. 341 (Bankr.N.D.Ind. 1990); *In re Robertson Companies, Inc.,* 123 B.R. 616 (Bankr.D.N.D.1990); and *In re Hunt,* 124 B.R. 263 (Bankr.S.D. Ohio 1990).

2. *See In re Stevens,* 109 B.R. 853 (Bankr.N.D.Ill. 1990).

3. *See generally In re Beverly Mfg. Corp.,* 841 F.2d 365 (11th Cir.1988); and *In re Bicoastal Corp.,* 121 B.R. 653 (Bankr.M.D.Fla.1990) in the Eleventh Circuit; and in other jurisdictions, *In re Wildman,* 72 B.R. 700, 705 (Bankr.N.D.Ill.1987); *Matter of Hutter Construction Co.,* 126 B.R. 1005 (Bankr.E.D.Wisc.1991); *In re Saunders,* 124 B.R. 234 (Bankr.W.D.Tex.1991) and *In re Stoecker,* 128 B.R. 205 (Bankr.N.D.Ill.1991).

duty to independently examine the reasonableness of the fees. *In re Chicago Lutheran Hospital Ass'n*, 89 B.R. 719, 734–735 (Bankr.N.D.Ill.1988); *In re Wyslak*, 94 B.R. 540, 541 (Bankr.N.D.Ill. 1988); [*In re*] *Pettibone* [*Corp.*], 74 B.R. [293] at 299–300 [ (Bankr.N.D.Ill.1987) ]; *In re NRG Resources, Inc.*, 64 B.R. 643, 650 (W.D.La.1986). Fees are properly payable out of estate assets when a commensurate benefit to the estate is provided. *See In re Ryan*, 82 B.R. 929, 931–932 (N.D.Ill.1987); *In re Rhoten*, 44 B.R. 741, 743 (Bankr.M.D.Tenn.1984). Judge Grady in *Ryan* stated, "all the decisions interpreting § 330 of the Bankruptcy Code carry over the near-unanimous view of prior Bankruptcy Act cases that, as a matter of law, attorneys may recover fees from the estate only if their labors actually benefited the estate." *Id.* at 931 (citations omitted). *Stoecker*, at 210.

■ In addition to express requirements of Section 330(a) and Bankr. R. 2016(a) as interpreted by the courts, bankruptcy courts must also weigh fee applications in the context of the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). The *Johnson* factors, in the Eleventh Circuit and other jurisdictions, are used to weigh the merits of an application for professional fees in various judicial contexts in addition to bankruptcy. These factors include: 1. the time and labor required; 2. the novelty and difficulty of the questions; 3. the skill required to perform the legal service properly; 4. the preclusion of employment by the attorney due to acceptance of the case; 5. the customary fee; 6. whether the fee is fixed or contingent; 7. time limitations imposed by the client or the circumstances; 8. the amount involved and the results obtained; 9. the experience, reputation and ability of the attorneys; 10. the undesirability of the case; 11. the nature and length of the professional relationship with the client; and 12. awards in similar cases. *Johnson* at 717–19.

■ Consequently, the bankruptcy courts must weigh the proofs provided by the professional fee applicants to determine 1.) if the application itself provides the detailed information required for meaningful review; 2.) and, given adequate documentation, if the services charged were actual, necessary and reasonable and thus of benefit to the bankruptcy estate. If there is a failure of proof in either inquiry, the court cannot approve payment of the affected claim from resources of the bankruptcy estate.

C. *The burden of proof that professional services were actual, necessary and reasonable; and consequently, of benefit to the bankruptcy estate, is on the applicant.*

■ A professional seeking compensation from the bankruptcy estate clearly bears the burden of proof that the services he is charging for were actual, necessary and reasonable, and of benefit to the bankruptcy estate.[4] As stated in *Matter of U.S. Golf Corp.*, 639 F.2d 1197 (5th Cir.1981):

The burden is on the attorney claiming a fee in a bankruptcy proceeding to establish the value of his services. *See Woods v. City National Bank and Trust Co.*, 312 U.S. 262, 268, 61 S.Ct. 493, 497, 85 L.Ed. 820 (1941); *In re Hoe & Co.*, 471 F.Supp. 493, 500 (S.D.N.Y.1978). Since an attorney may be awarded fees in a bankruptcy proceeding only to the extent that the hours he claims are indeed compensable as valid attorney time, it is incumbent upon the attorney to demon-

---

**4.** *See Matter of U.S. Golf Corp.*, 639 F.2d 1197, 1201 (5th Cir.1981); *In re Beverly Mfg. Corp.*, 841 F.2d 365 (11th Cir.1988); and in a more general context than bankruptcy, *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir.1988); and in other jurisdictions, *In re Kroh Bros. Development Co.*, 120 B.R. 997 (D.W.D.Mo.1989) and *In re Cascade Oil*, 126 B.R. 99 (D.D.Ka.1991); and *In re*

*Lindberg Products, Inc.*, 50 B.R. 220 (Bankr.N.D. Ill.1985); *In re Wildman*, 72 B.R. 700 (Bankr.N. D.Ill.1987); *In re Pettibone Corp.*, 74 B.R. 293 (Bankr.N.D.Ill.1987); *In re Leonard Jed Co.*, 103 B.R. 706 (Bankr.D.Md.1989); *In re Navis Realty, Inc.*, 126 B.R. 137 (Bankr.E.D.N.Y.1991); *In re Hutter Construction Co., Inc.*, 126 B.R. 1005 (Bankr.E.D.Wisc.1991); and *In re Stoecker*, 128 B.R. 205 (Bankr.N.D.Ill.1991).

strate that his hours represent work that was *reasonably necessary* and could not have been done by non-legal employees. *Golf* at 1207.

■ To meet that burden of proof, a professional fee application must document the *specific* nature of each service performed "and its *relation to the bankruptcy proceeding*," according to *In re Beverly Mfg. Corp.*, 841 F.2d 365, 370 (11th Cir. 1988). In other words, the applicant must prove not only that the time was spent— but that it actually benefitted the bankruptcy estate.

D. *If the applicant for a professional fee fails to meet its burden of proof for all or part of the total claimed, the bankruptcy court must reduce the compensation accordingly.*

If a bankruptcy court finds that an applicant for a professional fee/expense has not met the criteria of Section 330(a), it may not approve payment of that fee/expense from the resources of the bankruptcy estate.[5]

In *In re Bicoastal Corp.*, the Florida bankruptcy court considered the lodestar principle, which is based on the number of hours reasonably spent, multiplied by a reasonable hourly rate, citing to *Norman v. The Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). That court also considered the twelve *Johnson* factors cited above.

The *Bicoastal* deliberation resulted in the elimination of all overhead which the court found should have been covered in the hourly rate charged by the law firm, and a disallowal of expenses where "the description of the expenses was vague and nonspecific." *Id.* at 656. The court approved only $251,768.17 in fees; $6,331.98

in expenses when a respective $360,058.90 and $53,699.57 had been applied for.

■ A bankruptcy court may not approve payment of a fee or expense where the documentation is too vague or nonspecific for meaningful review. Nor may it in any case approve a fee or expense that the claimant has not proven to be actual, necessary and reasonable, and thus of benefit to the bankruptcy estate.

II.

THE COURT MUST REDUCE THE COMPENSATION OF RABURN & CO. SINCE THE FIRM FAILED ITS SECTION 330(a) BURDEN OF PROOF

In evaluating the application for compensation for services rendered and reimbursement of expenses, the court considered the lodestar principle, which is based on the number of hours reasonably spent multiplied by a reasonable hourly rate. Additionally, the twelve *Johnson* factors were considered.

As noted above "[t]he burden is on the attorney claiming a fee in a bankruptcy proceeding to establish the value of his services." *Matter of U.S. Golf Corp.*, 639 F.2d 1197, 1201 (5th Cir.1981).

First, the court finds claimant's petition is inadequate. The application must set forth a detailed statement of "(1) the services rendered, time expended and expenses, incurred, and (2) the amounts requested." Bankr. R. 2016(a). While Raburn's augmented application is voluminous, it fails to track the specific ways in which all hours charged for benefitted the estate.

Section 330 mandates "reasonable compensation for actual, necessary services", that is, unnecessary or duplicative work or

5. *See In re Bicoastal Corp.*, 121 B.R. 653 (Bankr. M.D.Fla.1990); *In re GIC Government Securities, Inc.*, 122 B.R. 148 (Bankr.M.D.Fla.1990); *In re Lee*, 884 F.2d 897 (5th Cir.1989); *In re Beverly Crest Convalescent Hospital*, 548 F.2d 817 (9th Cir.1976); *Matter of Kroh Bros. Development Co.*, 120 B.R. 997 (D.W.D.Mo.1989); *In re R & B Institutional Sales, Inc.*, 65 B.R. 876 (Bankr.W.D. Pa.1986); *In re Sutherland*, 14 B.R. 55 (Bankr.D. Vt.1981); *In re Robertson Companies, Inc.*, 123 B.R. 616 (Bankr.D.N.D.1990); *In re Stevens*, 109 B.R. 853 (Bankr.N.D.Ill.1990) and *In re Stevens*, 1991 WL 17787 (Bankr.N.D.Ill.1991); *In re Roger J. Au & Son, Inc.*, 114 B.R. 482 (Bankr.N.D. Ohio 1990); *In re Paster*, 119 B.R. 468 (E.D.Pa. 1990); *In re Eastern Maine Electric Co-op., Inc.*, 121 B.R. 934 (Bankr.D.Me.1990); *In re Hutter Construction Co.*, 126 B.R. 1005 (Bankr.E.D. Wisc.1991); and *In re Saunders*, 124 B.R. 234 (Bankr.W.D.Tex.1991).

work that does not benefit the estate (hence, unnecessary) are all non-compensable. *In re Roger J. Au & Son, Inc.*, 114 B.R. 482 (Bankr.N.D.Ohio 1990); *In re Ward*, 894 F.2d 771 (5th Cir.1990); and *In re Stevens*, 105 B.R. 866 (Bankr.N.D.Ill. 1989).

A. *The chart prepared from the computer spreadsheet (included in the Findings of Fact) reveals some objections to this claim are well taken.*

This court has analyzed the applicant's petition and has prepared a computer spreadsheet (chart in Findings of Fact) reflecting the terms of the application and classifying each item of the application. The applicant makes forty-four (44) separate claims for time spent and allocates the time to four separate accountants, reflected on the left hand side of the spreadsheet. The right side of the spreadsheet analyzes and categorizes the forty-four (44) entries into nine separate categories:

(1) Initial and Preliminary

(2) Preparation of 1986 tax return

(3) Preparation of 1987 tax return

(4) Preparation of 1988 tax return

(5) Preparation of 1989 tax return

(6) Accounting entries and general administration

(7) Review

(8) Revise or Correct

(9) Lumped

The application claims compensation for four accountants as follows:

| NAME | YEARS EXPERIENCE | RATE | HOURS CLAIMED | TOTAL |
|------|------------------|------|---------------|-------|
| L.E. Thompson | 3 | $ 50.00 | 327.25 | $16,362.50 |
| C.L. Miller | 10 | 50.00 | 125.00 | $ 6,250.00 |
| Paul Ballenger | 20 | 75.00 | 88.75 | $ 6,656.25 |
| Hasbrouck Haynes | 25 | 100.00 | 11.25 | $ 1,125.00 |
| | | TOTAL | 552.25 | $30,393.75 |

The total amount claimed, $30,393.75, divided by the total number of hours, 552.25, equals a $55.04–per–hour average expended by the four accountants. Objections were made to the application and the court finds that some objections are well taken. The court will discuss the various grounds for objection below, reducing the compensation approved where applicant failed to meet its Section 330(a) burden of proof that the services were actual, necessary and reasonable, and of benefit to the estate.

B. *The court will reduce the fees and expenses claimed where applicant has failed to meet its burden of proof.*

The court has examined the submissions of all parties in some detail, and will make the following reductions in fees and expenses awarded to H.L. Raburn & Co. where the applicant failed to provide sufficient proof that the charges reflect actual, necessary and reasonable services which benefitted the bankruptcy estate.

■ *No. 1 DEDUCTION—UNNECESSARY OR DUPLICATIVE WORK:* There was testimony that the claimant "had to reconstruct records in pen and ink." There was considerable testimony about the delay in picking up prior years' records from the accountants, Borland, Benefield, Crawford and Webster. Helen M. Bell, Gold Seal's head bookkeeper for 30 years, testified that the books and records were in excellent shape and that the claimant never attempted to ask her for assistance in locating the records, which might have eliminated the time and energy used reconstructing the records. There was also testimony that there was unnecessary work done in mak-

ing adjustments and making an analysis of life insurance expenses, in the preparation of the tax returns, and that considerable effort was expended toward computing the net operating loss and other credits (unnecessary for a Chapter 7 liquidating estate). There was further testimony that some computations were made manually but later done by computer.

Based upon the totality of this particular evidence, the court finds a deduction of five (5) percent of the total hours expended, or 27.61 hours, which multiplied by $55.04 (average accountant's rate) equals $1,519.79.

■ *No. 2 DEDUCTION—LUMPING:* In re Beverly Manufacturing Corp., 841 F.2d 365 (11th Cir.1988) condemns the "lumping" of claimed items with other items. The spreadsheet in this case reflects seven entries as being lumped, totalling 51.25 hours. The court recognizes that even though the hours were lumped with other services, there were, in all probability, actual services rendered. However, this court is unable to separate and break down the services claimed so as to properly evaluate the separate functions charged for. Consequently, this court makes a reduction of twenty-five (25) percent of the "lumped" hours claimed or a total of 12.81 hours, which multiplied by the average hourly rate of $55.04 equals a total of $705.20.

■ *No. 3 DEDUCTION—REVIEW:* A reduction on review time is required for one accountant. It is common practice for a senior accountant to review a junior accountant's work. Here, however, we have one $50.00 an hour accountant (C.L. Miller) expending 76.5 hours (Entries No. 15–23) REVIEWING another $50.00 an hour accountant (L.E. Thompson). The spreadsheet reflects a total of 137.5 hours claimed in the application attributed to "review". There was expert testimony that the average review time should be only ten (10) percent of the total hours claimed. However, this court will deduct only the excess above twenty (20) percent of the amount shown on the application as being applicable to review. The total 552.25 hours claimed multiplied by the maximum time

allowed for review (20%) equals 110.45 hours, which subtracted from 137.5 hours claimed as expended for review leaves an excess time for review of 27.05 hours, which when multiplied by the average hourly rate of $55.04 equals $1,488.83.

*No. 4 DEDUCTION—REVISE OR CORRECT:* The spreadsheet reflects a total of 115.5 hours expended to revise or correct. The term "revise or correct" necessarily means that there were mistakes and errors. Considerable testimony was taken as to the unsupervised nature of the two lower-rate accountants (namely Thompson and Miller) who continued to work unsupervised for a total of 334.75 hours (or approximately sixty-one (61) percent of the total hours expended) before one of the senior accountants, Paul Ballenger, expended any time on this project. (This court is aware of the affidavit of Hasbrouck Haynes to the effect that he gave some prior supervision.) Nevertheless, the court considers that fifty (50) percent of the time expended to revise or correct should be deducted. This time is 57.75 hours, which multiplied by $55.04 equals $3,178.56.

■ *No. 5 DEDUCTION—PAUL BALLENGER:* The basic order (Document No. 142) approved the employment of H.L. Raburn & Co. as accountants and approved only Hasbrouck Haynes, $100.00 per hour and C.L. Miller, $50.00 per hour. It did not approve Accountant No. 1—L.E. Thompson or Accountant No. 3, Paul Ballenger. However, the court feels that L.E. Thompson should be approved at $50.00 per hour, and that Paul Ballenger should also be approved at $50.00 per hour, the basic rate for accountants in the application. (Because the employment order did not approve Paul Ballenger at $75.00 per hour, Paul Ballenger will only be approved at $50.00 per hour.) Therefore, claimant will receive a reduction of $25.00 per hour on 88.75 hours for a total of $2,218.75.

*No. 6 DEDUCTION—ADMINISTRATIVE:* The claimant claims $785.00 reflecting 39.25 hours at $20.00 per hour for administrative support. In the normal situation, expenses are considered as overhead and cannot be reimbursed because they are

built into the hourly billing rate. *See In re Bicoastal Corp.*, 121 B.R. 653 (Bankr.M.D. Fla.1990); *Matter of Pathoven*, 84 B.R. 579, 586 (Bankr.S.D.Iowa 1988); and *In re S.T.N. Enterprises*, 70 B.R. 823, 844 (Bankr.D.Vt.1987).

There was an objection to the allowance of these administrative expenses by Helen H. Ellis, Estate Analyst of the Northern District of Alabama (Document No. 182). However, the original order appointing the accountants reflects that the following entry was approved by another bankruptcy judge (Document No. 142) as follows: "Administrative Assistance—$20.00 per hour". Consequently, this court will *not* make a deduction for this administrative expense of $785.00.

■ *No. 7 DEDUCTION—PHOTO-COPIES:* The claimed amount was $129.83 for photocopying services. Document No. 142 authorized "reimbursement for supplies and incidental expenses". Again, normally photocopying is included within overhead expenses, and already reflected in the hourly rate charged. *In re Bicoastal Corp.*, 121 B.R. 653, 656 (Bankr.M.D.Fla. 1990). However, because of the fact that the employment order specifically approved the authorization of such expenses, this court will *not* make a deduction in the amount of $129.83.

*No. 8 DEDUCTION—30.0% PRO RATA DEDUCTION FOR ADMINISTRATIVE ($785.00) AND PHOTOCOPIES ($129.83):* This court has made deductions for Deductions Nos. 1–5 totalling $9,111.13 from the amount claimed for professional fees (which represents a 30.0% reduction of the total amount claimed of $30,393.75). Since professional compensation is reduced by 30.0%, it is appropriate to deduct the same 30.0% of the expenses claimed. In *In re Roger J. Au & Son, Inc.*, 114 B.R. 482 (Bankr.N.D.Ohio 1990), Judge Williams denied part of the claimed expenses in the approximate percentage by which he had reduced compensation. Since only 70.0% of fees are being allowed in this case, only $640.38 total expenses will be allowed, a reduction of $274.45.

## CONCLUSION

To summarize: under Section 330(a) and Bankr. R. 2016(a), a claimant for payment of a professional fee from a bankruptcy estate must prove by detailed, item-by-item documentation that charges are actual, necessary and reasonable, and of benefit to the bankruptcy estate. H.L. Raburn & Co. failed that burden of proof and consequently, the court has no choice but to reduce the payment approved by 30.0 percent of both fees and expenses.

Therefore, the application of H.L. Raburn & Co. for payment of a professional fee/expense is granted in part in the amount of $21,923.00 and denied in part, in the amount of $9,385.58.

This memorandum shall constitute findings of fact and conclusions of law as required by Bankr.R. 7052. A separate order will be entered consistent with this decision.