**In re LINDBERG PRODUCTS, INC., an Illinois Corporation, Debtor.**

**Bankruptcy No. 84 B 8279.**

United States Bankruptcy Court, N.D. Illinois, E.D.

June 18, 1985.

Ellen Beverly, Michael Molinaro, Katten, Muchin, Zavis, Pearl & Galler, Chicago, Ill., for applicant.

Joel A. Schechter, Grossman, Mitzenmacher & Schechter, Chicago, Ill., for debtor.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter was heard upon the application of the attorneys for the creditors' committee for interim compensation for professional services rendered and expenses incurred in accordance with 11 U.S.C. § 331. The debtor objected to the application on several grounds.

For reasons set forth in this memorandum, this Court, having carefully considered all pleadings, memoranda and documentary evidence, determines that Ellen Beverly, Michael L. Molinaro and the law firm of Katten, Muchin, Zavis, Pearl & Galler are entitled to $4,943.00 as interim compensation for professional services rendered to the creditors' committee and the sum of $21.26 for expenses.

## BACKGROUND

On July 13, 1984 the debtor, Lindberg Products, Inc., filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On August 5, 1984, a Committee of Unsecured Creditors (the committee) was duly appointed by the United States Trustee. After notice to all parties and a hearing, this Court entered an order appointing Ellen Beverly, Michael L. Molinaro and the law firm of Katten, Muchin, Zavis, Pearl & Galler (the applicants) as attorneys for the committee *nunc pro tunc* to October 1, 1984.[1] Since October 1, 1984 the applicants have performed numerous tasks on behalf of the committee and the estate and on February 5, 1985 the applicants filed an application for interim compensation seeking $4,943.00 for professional services ren-

dered on behalf of the committee and $277.71 for expenses incurred.

## DISCUSSION

■ Section 330 of the Bankruptcy Code[2] provides for the allowance of compensation to professional persons employed under Section 1103(a).[3] In pertinent part, Section 330(a) reads:

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any professional person employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent in such services, and the cost of comparable services other than a case under this title; and

(2) reimbursement for actual necessary expenses.

11 U.S. 330(a). The applicant's request for interim compensation for professional services rendered under Section 330(a)(1) is for $4,901.50 in attorneys' fees for 52.3 hours of work and for $41.50 for .90 hours of paralegal time. The burden of proof of the reasonableness of these fees rests on the applicant. *In re Four Star Terminals, Inc.,* 42 B.R. 419, 429 (Bkrtcy.D.Alaska 1984); *In re Harman Supermarket, Inc.,* 44 B.R. 918, 920 (Bkrtcy.W.D.Va.1984).

■ Bankruptcy Rule 2016 requires that in order to meet this burden, the applicant must file with the court an application "setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Bankruptcy Rule 2016. In addition, a proper fee application must list each activity, its date, the attorney who per-

---

**1.** Although the authority of the court to appoint the attorneys to the committee *nunc pro tunc* has not been challenged, ample authority exists holding that such an order is not precluded by statute or rule. *In re Matter of Triangle Chemicals, Inc.,* 697 F.2d 1280 (5th Cir.1983); *In re Olson,* 36 B.R. 74 (D.C.Neb.1983); and *Hunter Savings Association v. Baggott Law Offices Co.,* 34 B.R. 368 (D.C.S.D.Ohio 1983).

**2.** 11 U.S.C. § 101 et seq. (1979).

**3.** Section 1103(a) authorizes the committee to appoint, with Court approval, attorneys to represent it.

formed the work, a description of the work performed or subject matter of the work, and the time spent on the work. *In re Nation/Ruskin, Inc.*, 22 B.R. 207, 210 (E.D.Penn.1982). The court has carefully reviewed the application and is satisfied with its completeness, the reasonableness and necessity of the work performed and that the fees are comparable to those charged in the community for legal services rendered in cases other than in Title 11.[4]

The debtor objects on several grounds to the fees requested for professional services rendered. The court finds that none of the objections has merit. Three of them will be discussed briefly. The first objection raised by the debtor concerns the sale of two screw machines. On October 12, 1984 the attorney for the debtor appeared before the Court seeking permission to sell the equipment pursuant to Section 363(b). The petition presented to the Court stated "That it is in the best interests of the creditors of this estate that the offer of $28,000 be accepted ..." and the debtor sought to waive notice of said sale. At the hearing, one of the attorneys for the creditors' committee and an applicant herein, objected to the private sale because the sale price was significantly below the market value of the two machines. This notion was seconded by the U.S. Trustee's Office. This Court then ordered notice be given of the proposed sale and continued the hearing. On December 3, 1984 the machines were sold for $45,500, representing a $17,-500 increase over the offer the debtor urged this Court to approve. For the $17,-500 benefit the estate received, $567.00 is included in attorneys' fees by the applicants. The debtor's position that the applicants did not benefit the estate in this matter is contrary to the record.

The debtor also objects to the amount of time spent by the applicant's attorneys in representing the committee to be "excessive for the type of service rendered" and to the billing of paralegal time. The appli-

cants spent considerable time reviewing the sale of the debtor's German subsidiary, reviewing and attempting to obtain debtor's financial statements and other related work. The court finds the fees charged for these services to be neither excessive nor unreasonable.

As for the charges for paralegal time, Section 330(a) "provides for the compensation of paraprofessionals in order to reduce the cost of administering bankruptcy cases. Paraprofessionals can be employed to perform duties which do not require the full range of skills of a qualified professional." Notes on Committee on the Judiciary, Senate Report No. 95–989. A review of the application reveals the use of the paralegals to be reasonable, economical and expedient.

The final objection of the debtor is to the reimburseable expenses being sought by the applicants. The expenses applied for are:

| Description | Cost |
| --- | --- |
| Messenger Delivery Service | $118.00 |
| Long Distance Telephone Calls | 21.26 |
| Photocopy Charges | 118.45 |
| Secretarial Charges | 20.00 |
| | $277.71 |

The Court is in agreement with the debtor that not all of these charges are allowable. The applicants have made no showing as to why a messenger service was necessary. From the application, there is no way for the Court to review the urgency of what was sent via a messenger service and why the U.S. Postal Service could not have been used. The information supplied by the applicants is simply inadequate to support the request. The same can be said of the applicant's request for photocopy charges totalling $118.45.

The request for $20.00 for secretarial work will also be denied as this is part of overhead and is not allowed as expenses in addition to attorneys' fees. *In re Arlan's Department Store*, 462 F.Supp. 1255, 1269 (S.D.N.Y.1978) *aff'd* 615 F.2d 925. These

---

**4.** The debtor alleges that these fees are high (an average of $93.72 per hour), but does not support his allegations with any evidence or data.

The court's experience is that these fees are reasonable.

costs and other overhead costs are included in the approximate $100.00 per hour fee allowed by this court.

## CONCLUSION

Requests for reasonable and necessary attorneys' fees will be granted by this court when after a careful review, they are deemed proper. The court will not, however, approve unsubstantiated or unreasonable fees or expenses.

WHEREFORE, IT IS HEREBY ORDERED that Lindberg Products, Inc., debtor and debtor-in-possession be and is hereby authorized and directed to pay Ellen Beverly, Michael L. Molinaro and Katten, Muchin, Zavis, Pearl & Galler the sum of $4,943.00 as interim compensation for professional services rendered to the Unsecured Creditors' Committee and the sum of $21.26 as reimbursement of necessary expenses.