**In re CHAS. A. STEVENS & CO., Debtor.**

**Bankruptcy No. 88 B 09575.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Jan. 18, 1990.

Salvatore A. Barbatano, Rudnick & Wolfe, Chicago, Ill., for debtor Chas. A. Stevens & Co.

Robert B. Katz, Laventhol & Horwath, Chicago, Ill., for Leventhol & Horwath.

Donald F. Engel, Schwartz, Cooper, Kolb & Gaynor, Chicago, Ill., for Creditors' Committee.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes to be heard on the final fee application of Laventhol & Horwath ("L & H") pursuant to 11 U.S.C. §§ 330 and 331 and Federal Rule of Bankruptcy Procedure 2016 for a total allowance of $15,705.00 in compensation and reimbursement of expenses in the amount of $440.00. Proper notice was given to all creditors and parties in interest pursuant to Federal Rule of Bankruptcy Procedure 2002.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this fee application pursuant to 28 U.S.C. § 1334 and General Orders of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (O).

## II. FACTS AND BACKGROUND

In an earlier opinion dated September 29, 1989, the Court discussed and summarized the background and history of the case. See In re Chas. A. Stevens & Co., 105 B.R. 866, 868 (Bankr.N.D.Ill.1989).

## III. LAVENTHOL & HORWATH'S EMPLOYMENT

On July 20, 1988, the Court entered an Order approving the retention of L & H as accountants for the Debtor nunc pro tunc to June 30, 1988. L & H received a $15,000.00 retainer. The Court previously allowed interim compensation to L & H in the amount of $31,167.50 and authorized reimbursement of expenses in the amount of $440.00. The instant fee application covers the period November 10, 1988 through July 14, 1989. No objections were filed to the fee application. On November 7, 1989, the Court held a hearing on the fee application. At that time, L & H was ordered to submit a showing of expenses on or before November 14, 1989. Thereafter, on November 20, 1989, L & H submitted a supplement to its fee application.

## IV. DISCUSSION

### A. Applicable Standards

Pursuant to Sections 330 and 331 of the Bankruptcy Code, all professionals applying for fees must demonstrate that their services were actual, necessary and reasonable. The legislative history of section 330 expressly notes the Court's correlative duty to closely examine the reasonableness and necessity of the fees incurred. Bankruptcy Rule 2016(a) in turn requires that "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed.R.Bankr.P. 2016(a).

■■■ Even though private compensation agreements are permissible under the Code, the Court retains the responsibility of ensuring that the compensation awarded to professional persons falls within the parameters prescribed by section 330. See In re Churchfield Management & Invest. Corp., 98 B.R. 893 (Bankr.N.D.Ill.1989). The burden of proof to show entitlement to the fees requested is on the applicant. In re Pettibone Corp., 74 B.R. 293, 299 (Bankr.N.D.Ill.1987); In re Lindberg Products, Inc., 50 B.R. 220, 221 (Bankr.N.D.Ill. 1985). Moreover, fee applications must stand or fall on their own merits. See In re Wildman, 72 B.R. 700 (Bankr.N.D.Ill. 1987). Even if no objections are raised to a fee application, the Court is not bound to award the fees sought, and in fact has a duty to independently examine the reasonableness of the fees. In re Chicago Lu-

*theran Hospital Association,* 89 B.R. 719, 734–735 (Bankr.N.D.Ill.1988); *In re Wyslak,* 94 B.R. 540, 541 (Bankr.N.D.Ill.1988); *Pettibone,* 74 B.R. at 299–300; *In re NRG Resources, Inc.,* 64 B.R. 643, 650 (W.D.La. 1986).

■ Furthermore, section 328(a) allows the Court to award different compensation from that previously provided after the conclusion of the employment if the original terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time the original terms and conditions were fixed. Thus, the Court is afforded broad discretion in the exercise of awarding fees.

■ Contrary to arguments made at the November 7, 1989 hearing, an accountant's fee application is reviewed under the same standards as those applied to attorneys. *See In re American International Airways, Inc.,* 69 B.R. 396, 399–400 (Bankr.E. D.Pa.1987); *In re R & B Institutional Sales, Inc.,* 65 B.R. 876, 884 (Bankr.W.D. Pa.1986); *In re Affinito & Son, Inc.,* 63 B.R. 495, 497 (Bankr.W.D.Pa.1986); *In re Cumberland Bolt & Screw, Inc.,* 44 B.R. 915, 916 (Bankr.M.D.Tenn.1984); *In re D.H. Overmyer Co.,* 3 B.R. 678, 689 (Bankr.S.D.N.Y.1980).

■ In addition, the applicant bears the burden of establishing that it is entitled to certain expenses. *In re Affinito & Son, Inc.,* 63 B.R. at 497. The Court will not assume any expense is necessary. *See In re Lindberg Products, Inc.,* 50 B.R. at 221. The Court follows the well-reasoned opinion *In re Convent Guardian Corp.,* 103 B.R. 937 (Bankr.N.D.Ill.1989). In that opinion, Judge DeWitt set forth the standards that professionals must follow in listing expenses in fee applications. Those standards are not unduly burdensome. In fact, those requirements help to make the Court's review easier because more information is initially disclosed.

### B. *American Institute of Certified Public Accountants Code of Professional Conduct*

L & H in this case, like many accountants in other cases, contends that due to the fact that accountants are subject to a different code of ethics than attorneys, its fee application should not be evaluated on the same bases as attorneys' fee applications. Specifically, L & H asserts that it is prohibited from entering into contingent fee agreements and hence its compensation should be evaluated differently from that of attorneys who may enter into contingent fee agreements for performance of certain types of legal services. *See* Code of Professional Responsibility, Rule 2–106(c), Ill. Rev.Stat. ch. 110A, Canon 2, Article VIII.

L & H cites Rule 302 of the Code of Professional Conduct as adopted on January 12, 1988 by the American Institute of Certified Professional Accountants. Rule 302 provides:

> Professional services shall not be offered or rendered under an arrangement whereby no fee will be charged unless a specified finding or result is attained, *or where the fee is otherwise contingent upon the finding or results of such services.* However, a member's fees may vary depending, for example, on the complexity of services rendered.
>
> *Fees are not regarded as being contingent if fixed by courts* or other public authorities, or, in tax matters, if determined based on the results of judicial proceedings or the findings of governmental agencies.

*Id.* (emphasis added).

L & H therefore argues that all of its work should be fully compensated because Rule 302 precludes it from offering or rendering services contingent on the results. Such argument ignores the plain language of the last sentence of Rule 302. By this Opinion and Order, the Court is fixing L & H's final fees awarded on this application. Thus, under Rule 302 of the accountants' Code of Professional Conduct, L & H's fees are not regarded as being contingent for any services provided in this case.

■ Accountants' fees, like those of attorneys, appraisers, auctioneers and other professional persons authorized to perform services for the reorganizing debtor under section 327, are subject to the same

requirements of section 330, Bankruptcy Rule 2016 and the case authorities interpreting same. Thus, the Code and the Rules establish a level playing field for all professionals who seek compensation from estate assets. Moreover, the Court is required to award compensation commensurate with the benefit of the services or work provided to the estate. In applying the cited standards and authorities to L & H's fee application, the Court finds no inconsistency or conflict between Rule 302 on the one hand and section 330, Bankruptcy Rule 2016 and the case authorities on the other hand.

### C.  Compensation Allowed

■ The Court has examined the fee application and hereby approves in part the compensation in the amount of $13,193.50. The Court will not approve the remainder of the compensation sought. Under the category of meetings and hearings, two individuals appeared in court for the hearing on 1/11/89 on the interim fee application. The Court hereby disallows the entry on 1/11/89 for RA for .75 hours at $180.00 for a total amount of $135.00. L & H has failed to show any compelling necessity for duplicative attendance at the hearing. The Court will not reimburse duplicative attendance at hearings or meetings when there has been no showing of necessity for the second member to participate in the hearing or meeting. *Pettibone,* 74 B.R. at 303; *Wildman,* 72 B.R. at 710.

■ Under the category of tax research, L & H expended twenty-nine hours of time for a total of $4,753.00. L & H asserts that the research included a determination of gross income that arises from the discharge of debt in a bankruptcy case and the effect on the Debtor's utilization of net operating loss carryovers. A two and a half page memorandum was prepared based upon the research performed concerning a certain proposal. The Court finds that this result should not have taken twenty-nine hours of research to prepare. L & H is an experienced accounting firm that often appears in bankruptcy court. Thus, L & H is well aware of such basic tax law concepts as applied to the Debtor. Thus, the Court hereby allows only one half of the amount sought as L & H failed to demonstrate the necessity of expending over three full working days or twenty-nine hours of research in basic bankruptcy tax areas well within its expertise. The individual professionals who performed the research billed out their time from $150.00 to $220.00 per hour. Such substantial hourly rates require the highest decree of efficiency and a greater showing of the necessity for the expenditure of that much time on this research project than shown here.

### D.  Reimbursement of Expenses

■ The Court hereby approves in part the expenses in the amount of $13.50. Both the fee application and the supplement thereto fail to sufficiently demonstrate, with the requisite detail, the necessity and the reasonableness of the expenses incurred. For example, L & H lists long distance telephone charges in the amounts of $49.00, $69.00 and $68.00. Along with these figures are several dates that the telephone calls allegedly were made. However, L & H fails to specify the length of each call. Moreover, the listing of $68.00 appears to be for other unspecified telephone calls. The purpose and length of the conversation and person called or calling must be clearly set out. *Wildman,* 72 B.R. at 708. Thus, the Court will not reimburse L & H for the telephone charges. Similarly, the telefax charges of $29.00 are disallowed for failure to specify the date or dates when same were incurred.

Next, L & H seeks reimbursement for local transportation in the aggregate amount of $115.00. The first entry is for cab fare to and from the bankruptcy court for two individuals on four separate occasions, totalling $27.00. The failure to make an adequate showing for the necessity of both individuals to travel to court, will result in the Court allowing only one half of that amount, namely $13.50. The second entry under the heading of local transportation is for cab fare to and from the office of the Debtor and for parking for various meetings with the Debtor in the aggregate

amount of $88.00. There are seven dates listed along with the names of three individuals. It is unclear from the entry, however, how the $88.00 charge is allocated among cab fare, parking and the three individuals listed. The Court's inability to discern this information from the entry, warrants disallowance.

As for the postage and delivery charges of $110.00, the entries fail to state the dates the charges where incurred or why it was necessary to incur same. For future reference, examples of proper entries can be found in *In re Convent Guardian Corp.* 103 B.R. at 941. As the entries fail to comport with the required standard, the Court will not allow the postage and delivery charge of $110.00.

## V. CONCLUSION

For the foregoing reasons, the Court hereby awards Laventhol & Horwath compensation in the amount of $13,193.50 and authorizes it to be reimbursed for expenses in the amount of $13.50.

This Opinion is to serve as findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

See written Order.