## In re L & S INDUSTRIES, INC., Debtor.

## L & S INDUSTRIES, INC., Plaintiffs,

### v.

## UNITED STATES of America, Defendants.

**Bankruptcy No. B87–4597. Adv. No. B88–204.**

United States Bankruptcy Court, N.D. Ohio, E.D.

March 28, 1990.

Joel Rathbone, Block, Rathbone & Soucie, Cleveland, Ohio, Trustee, for trustee.

Sindell, Rubinstien, Einbund, Pavlik, Novak & Celebreeze, Cleveland, Ohio, for debtor, L & S Industries, Inc.

Matthew R. Goldman, Baker & Hostetler, Cleveland, Ohio, for movant, Rosen & Co. and Claudia Steel Storage & Processing Corp.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

The matter before the Court is the application of Rosen & Co. (Rosen) auctioneers, for allowance and payment of fees and expenses incurred in the sale of assets of the above-captioned estate.

Rosen was appointed by Court order dated August 11, 1988, to conduct a public sale of Debtor's assets. The sale was duly conducted on August 23, 1988 on the premises of the Debtor and was subsequently confirmed by the Court. The sale grossed $128,606.75.

In accordance with Local Bankruptcy Rule 5, Rosen is allowed a maximum commission as follows:

10% on the first $5,000.00 .......................................... $500.00
8% on the next $15,000.00 .......................................... 1,200.00
5% on the balance of $108,606.75 .................................. 5,430.33

Total        $7,130.33

L.B.R. 5 also provides that "Auctioneers may be allowed reasonable expenses for labor cataloging, advertising, printing, postage, and all other actual and necessary disbursements pertaining to the sale."[1]

Rosen documents the following expenses:

| | |
|---|---:|
| Labor | $ 8,589.00 |
| Cataloging | 100.00 |
| Advertising | 2,321.06 |
| Printing | 1,205.34 |
| Postage | 875.00 |
| Addressing Notices | 297.50 |
| Locksmith | 81.43 |
| Total Additional Expenses | $13,469.33 |

It is clear that all of the costs described by the auctioneer are encompassed within the compensation schedule. They are all documented. The issue is whether the expenses were reasonable. The Court is particularly concerned with the labor costs. The sale consumed one work day, with inspection permitted on the previous day. Sixteen workers were employed, working from two to ten days on the sale. Their activities included set-up, labor to clean, segregate, tag and catalog, labor during auction sale for deposit taking and security, and labor after the auction sale to supervise checkout procedures. *See* Ex. A.

While the activities are clearly indicated, without a fuller explanation the Court cannot determine who performed which activities, whether the services rendered by one worker could have been performed by someone else at a lower cost to the estate, and whether the time spent in a specific task was reasonable. The burden is on the applicant to demonstrate the reasonableness of the expenses requested. *In re Lindberg Products, Inc.*, 50 B.R. 220, 221 (Bankr.N.D.Ill.1985); *In re Liberal Market, Inc.*, 24 B.R. 653, 657 (Bankr.S.D. Ohio 1982). Here, that burden has not been met. Most cases dealing with the reasonableness of compensation under §§ 330 and 331 of the Code involve attorneys' fees, but the same principles are applicable to fees and expenses paid to other professionals.

Without a more detailed explanation of the necessity for $8,589.00 to be expended for labor in addition to the maximum allowable commission, the Court finds this amount is not reasonable. Accordingly, Rosen is awarded $6,000.00 in labor expenses for a total allowance in fees and expenses of $18,010.66, subject to the availability of net disposable funds upon closing of this estate.

The Court's previous order granting fees and expenses to the auctioneer is hereby vacated.

IT IS SO ORDERED.

---

1. L.B.R. 5, Bankr., N.D.Ohio.