**In re GOLDEN TRIANGLE FILM LABS, INC., Debtor.**

**HARVEY PAUL MUSLIN, P.A., Appellant,**

**v.**

**GOLDEN TRIANGLE FILM LABS, INC., Appellee.**

Bankruptcy No. 93:02480–8P1.

No. 93–1808–Civ–T–17(A).

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 28, 1994.

Harvey Paul Muslin, Harvey Paul Muslin, P.A., pro se.

Larry Michael Foyle, Kass, Hodges & Massari, Tampa, FL for Golden Triangle Film Labs, Inc.

## ORDER ON APPEAL

KOVACHEVICH, District Judge.

This cause comes before the Court on appeal, from the Bankruptcy Court's order requiring the Appellant to disgorge his retainer to debtor, entered on July 16, 1993. Appellant/Harvey Paul Mulsin alleges a series of errors in the disallowance of certain fees and expenses.

## I. BACKGROUND

On March 5, 1993, Appellee/Golden Triangle Film Labs, Inc. filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Appellant had been retained by the former management of Appellee as Debtor's counsel and was given a $7,500.00 retainer. On March 12, 1993, the management of Appellee changed hands, and Appellant was replaced by new counsel.

On April 16, 1993, Appellee filed a Motion to Remove Appellant as Counsel and to Request an Order to Show Cause as to why Appellant should not be required to disgorge

his retainer. On April 28, 1993, the Bankruptcy Court entered an Order requiring Appellant to appear on May 11, 1993 to show cause.

Appellant attended the hearing on May 11, 1993, but made no representations concerning any fees. The Bankruptcy Court ordered Appellant to file an itemized statement of services by May 26, 1993.

On June 2, 1993, Appellant served a Motion to Extend Time to comply with the Court's order upon order to show cause. On June 21, 1993, Appellee filed a Motion for Ex Parte Order requiring the Appellant to disgorge retainer.

On June 29, 1993, Appellant filed his itemized billing statement. On July 16, 1993, the Bankruptcy Court entered an Order requiring the Appellant to disgorge retainer to debtors within ten (10) days of the date of such order.

On August 3, 1993, Appellant filed a Motion to Reconsider the order requiring disgorgement of his retainer. The Bankruptcy Court denied Appellant's Motion for Reconsideration on August 13, 1993. On August 23, 1993, Appellant filed his Notice of Appeal from Order denying Motion for Rehearing or Reconsideration of Order requiring Appellant to disgorge retainer.

## II. DISCUSSION

The burden is squarely upon the Attorney claiming a fee in a bankruptcy proceeding to establish the value of his services. *In re Beverly Manufacturing Corporation,* 841 F.2d 365 (11th Cir.1988).

This Court, having carefully considered Appellant's issues on appeal, finds that Appellant has failed to establish the value of his services. Consequently, the Appellant has failed to establish that the findings of the Bankruptcy Court were an abuse of discretion. Therefore, this Court **affirms** the order and findings of the Bankruptcy Court, for the following reasons:

### A. First Issue On Appeal

Did the lower court abuse its discretion in denying the Appellant a hearing before deny-

ing the Appellant reasonable compensation and reimbursement for actual and necessary services and expenses?

This Court, having examined the first issue on appeal, must support the finding of the Bankruptcy Court. On April 28, 1993, the Bankruptcy Court entered an Order requiring Appellant to appear before it on May 11, 1993, and to show cause respecting the facts and circumstances related to the fees paid and what amounts, if any should be disgorged. The Appellant attended the hearing but chose not to produce any documents or information regarding the facts and circumstances related to the retainer.

Thereafter, the Bankruptcy Court ordered the Appellant to submit an itemized billing statement by May 26, 1993. Appellant filed a motion to extend the deadline for filing his itemized billing statement by ten days on June 2, 1993, an untimely filing. However, Appellant did not file his itemized billing statement until June 29, 1993, again an untimely filing even if his motion for extension of time had been granted.

The Eleventh Circuit has held that an attorney's petition for fees was inadequate, where there was no indication of specific nature of each service performed. *In re Beverly Manufacturing Corporation*, 841 F.2d 365 (11th Cir.1988). In the instant case, the Appellant **was afforded** a hearing before the Bankruptcy Court entered its order requiring disgorgement of retainer. However, the Appellant chose not to present any evidence which would have established that he was entitled to receive any fee. Additionally, the Appellant **was afforded** time in which to indicate the specific nature of each service performed. Again, the Appellant negligently failed to present any evidence within the prescribed time.

Thus, this Court agrees with the Bankruptcy Court and finds the lower court did not err nor did it abuse its discretion as to this issue.

### B. Second Issue On Appeal

Did the lower court abuse its discretion in denying the Appellant reasonable compensation/reimbursement for actual and necessary expenses?

The Court finds that the lower court did not abuse its discretion. This Court previously noted the Appellant's acts of untimely filings. Now, the Court turns to consider subsequent acts of untimely filings.

■ Rule 8015 of the Federal Rules of Bankruptcy provides in pertinent part that:

A motion for rehearing may be filed within 10 days after the entry of the judgment of the district court or the bankruptcy appellate panel. If a **timely** motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of a subsequent judgment.

However, in the instant case, Appellant did not file his Motion to Reconsider the Court's Order requiring Harvey Muslin to disgorge retainer until August 3, 1993, 13 days after the order was entered. This Court, therefore, **affirms** the Bankruptcy Courts denial of the Appellant's Motion for Reconsideration.

■ Rule 8002(a) of the Federal Rules of Bankruptcy provides in pertinent part that:

The notice of appeal shall be filed with the clerk within 10 days of the entry of the judgment, order, or decree appealed from.

The remaining portions of the Rule concern timely filings and are thus, inapplicable.

In the instant case, The Bankruptcy Court entered an Order requiring the Appellant to disgorge retainer to debtor on July 16, 1993. The Appellant's Notice of Appeal was filed on August 23, 1993, 18 days after the Court's Order and the time for appeal was not tolled by the untimely filed motion for reconsideration.

The Court affirms the Bankruptcy Courts findings as to this issue.

### C. Third Issue On Appeal

■ Did the lower court abuse its discretion in denying the Appellant reasonable compensation because of the timeliness of the submittal of the itemized billing statement, based on the Appellant's good cause and equity?

■ *In re Suncoast Airlines, Inc.*, 121 B.R. 403 (S.D.Fla.1990) holds that proffered

reasons for failure to timely file supplemental documents after filing an appeal, consisting of a combination of the law office's unfamiliarity with federal court proceedings, including notice requirements, and the attorney's busy schedule as solo practitioner, did not qualify as "excusable neglect" as to support not dismissing appeal. The court is required to find that any inadvertence was due to something beyond control of person sought to be excused to find excusable neglect.

In the instant case, Appellant alleges that his failure to comply with the Bankruptcy Court's order to submit an itemized billing statement on May 26, 1993, was due to the fact that Appellant did not receive the Order until May 24, 1993, and unfortunately, the paralegal with the information needed to accurately reflect the services performed fell unexpectedly ill. However, the Court agrees with the holding in *In re Suncoast Airlines, Inc.*, and finds that Appellant's misfortunes do not constitute "excusable neglect."

■ Finally, the Appellant alleges in his reply brief that his right to an appeal was properly perfected for reasons of excusable neglect. The Appellant argues that he did not have knowledge of the Court's order. Again the Court does not find that such reasons constitute excusable neglect.

This appeal having been fully considered by the Court, and the Court finding no error in the findings of the Bankruptcy court above, it is thereupon

**ORDERED,** that the Bankruptcy Court's Orders be **affirmed** and the Clerk of this Court be **directed** to enter judgment in accordance with this Order.

**DONE and ORDERED.**