**In re Donald Keith MEYER, Debtor.**

**Bankruptcy No. 94–42489.**

United States Bankruptcy Court,
W.D. Missouri.

Aug. 23, 1995.

H. Kent Desselle, Independence, MO, for debtor.

## ORDER DENYING MOTION TO RECONSIDER REDUCTION OF FEES

ARTHUR B. FEDERMAN, Bankruptcy Judge.

The matter before the Court is the motion of H. Kent Desselle and the Desselle Law Office, L.L.C. to reconsider this Court's Order of July 31, 1995, allowing in part and denying in part Mr. Desselle's amended application for compensation and reimbursement of expenses. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction to enter a final order, pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1).

Debtor filed a case under Chapter 11 of the Bankruptcy Code (the "Code") on September 14, 1994. The debtor is a dentist who was also engaged in a quarterhorse business. At the time of the petition, debtor and his wife were in the midst of a dissolution proceeding. Mr. Desselle represents Dr. Meyer in the bankruptcy case, and Jimmie James represents Dr. Meyer in the dissolution proceeding. Steven Effertz represents Barbara Meyer, debtor's former spouse.

At the time of the filing, the Clerk of Court issued a Notice of Deficient Filing (the "Notice") based on counsel's failure to file an Operating Statement as required by Rule 1.016 of the Local Rules of Practice–United States Bankruptcy Court–Western District of Missouri (the "Local Rules"), as well as a Designation of Agent form required by Local

Rule 7.004(b). In addition, counsel failed to file with the original Petition an Application to Employ himself as counsel for the debtor-in-possession pursuant to 11 U.S.C. § 327.

On October 4, 1994, the Court entered an Order to Show Cause why this Chapter 11 should not be dismissed for failure to file the items referenced in the Notice. On October 20, 1994, Mr. Desselle filed an Application to Employ Counsel, and an Order was entered authorizing such employment on October 24, 1994. On October 26, 1994, a second Order to Show Cause was entered for continuing failure to file the items referenced in the Notice. That Order gave the debtor and counsel until November 10, 1994, in which to submit such items. On November 1, 1994, counsel filed Amended Schedules on behalf of the debtor; however, such schedules were not signed by the debtor as required, so another Notice of Deficient Filing was entered on that same date.

In the meantime, debtor and his estranged spouse Barbara agreed to sell a lake lot owned by them and to divide the proceeds as directed by the Circuit Court of Jackson County, Missouri (the "Circuit Court") as part of the property settlement in the dissolution proceeding. The lake lot sold for approximately $52,000.00 and the Circuit Court ordered that Barbara Meyer receive sixty percent of the proceeds and Dr. Meyer receive forty percent. Dr. Meyer's share of the proceeds was held in escrow in the trust account of Steven Effertz. Said funds appear to represent the only assets available to pay the administrative expenses of the estate and the unsecured creditors of Dr. Meyer.

On January 12, 1995, Mr. Desselle filed, on behalf of the debtor, a four-page Plan of Reorganization (the "Plan"), as well as a six-page Disclosure Statement, both of which indicated that the debtor would liquidate his assets and pay creditors 100% of their allowed claims. Confirmation of that Plan, however, was never pursued by the debtor.

On April 24, 1995, Mr. Desselle submitted an application for approval of fees and expenses in the total amount of $9,656.50. Rule 2.016(C) of the Local Rules requires that "applications for professional fees and expenses shall be served on debtor's counsel,

the trustee, U.S. Trustee, committees, and for applications under $1,000, parties who requested receipt of notices." In addition, the Local Rules provide:

> [f]or applications over $1,000, the applicant shall serve on all creditors a notice ... stating: the amount of fees and expenses sought; period covered; number of previous applications filed; amounts of compensation previously sought and allowed; original retainer and balance; that parties have 20 days to object; and that if no objections are filed the Court may enter an order, and if objections are filed the Court may set a hearing.

Local Rule 2.016(D). At the time Mr. Desselle submitted his fee application he filed the requisite Notice with the Court. No objection was filed, and at the conclusion of the twenty days the Court entered an Order allowing such fees. Mr. Desselle then presented said Order to Steven Effertz, Barbara Meyer's attorney, who held Dr. Meyer's portion of the sale proceeds in his trust account. Upon presentation of the Order, Mr. Effertz paid Mr. Desselle $9,656.50 from his trust account.

On June 9, 1995, the United States Trustee (the "UST") moved to vacate the Order granting interim fees to Mr. Desselle, and advised the Court that neither the application nor notice of the application had been served on the UST or, apparently, on anyone else. Thereafter, on June 13, 1995, the Court vacated its May 17, 1995, Order granting interim compensation. The UST filed an objection to allowance of the fees, and a hearing was held on such objection on June 26, 1995. At said hearing, the Court found that Mr. Desselle had not provided specific information in support of his fee application so that the Court could determine what services were performed and what benefit accrued to the estate as a consequence of such services. Therefore, the application was denied without prejudice to its being refiled.

During this period of time, no progress was made toward confirmation of debtor's Plan, which had been filed on January 12, 1995. On June 9, 1995, the UST filed a motion to establish a deadline by which an

Amended Plan would be filed. By Order entered June 13, 1995, the debtor was given twenty days in which to file an Amended Plan. No Amended Plan was ever filed. The UST and Barbara Meyer filed motions to convert the case to Chapter 7 or, alternatively, to dismiss the case for failure to file an Amended Plan. The Court held a hearing on July 14, 1995, on said motions. At that time, Mr. Desselle appeared and agreed that a confirmable Plan could not be filed, and he asked the Court to dismiss the case, rather than convert to Chapter 7. Since it appeared that there might be assets available for unsecured creditors from the sale of the lake lot, the Court refused to dismiss the case. Instead I granted the pending motions to convert the case to Chapter 7. On July 21, 1995, debtor filed a motion to reconsider the conversion to Chapter 7 or, in the alternative, to allow conversion to Chapter 13.[1] A hearing on said motion is scheduled for September 1, 1995.

As to his fees, Mr. Desselle resubmitted an application on June 28, 1995, in which he made an effort to create additional detail regarding the work performed. The hearing on such application for interim compensation was held on July 24, 1995. At that hearing, Mr. Desselle admitted that many of the time entries were not made contemporaneous with the services he performed. He, therefore, tried to recreate what work had been done and when it had been done. The Court reduced the fees by $4,000.00. It also became apparent at the hearing that the funds available from the sale of the lake lot will not be adequate to pay the Chapter 7 administrative expenses, the fees due which have been awarded to Dr. Meyer's dissolution counsel, the fees which have been awarded to Dr. Meyer's accountant, and the reduced interim fees awarded to Mr. Desselle. The Court, therefore, ordered Mr. Desselle to pay over to the Chapter 7 trustee the $9,656.50 which he had received pursuant to the vacated Order of May 17, 1995, to allow the Chapter 7 trustee to distribute the professional fees pro rata.

Mr. Desselle has not complied with this Court's Order to turn over any funds received as interim compensation. He now moves this Court to reconsider the reduction in fees following the hearing on July 24, 1995, arguing that the services were actual and necessary, and the Court's reasons for the reduction are not in accordance with 11 U.S.C. § 330(a).

The Court previously found that: (1) the description and itemization of services in the amended application were inadequate and unhelpful in assisting the Court in determining either the necessity of the services rendered or the reasonableness of the charges for those services; (2) the amended application does not comply with the prevailing standards for fee applications; and (3) debtor's counsel was allowed to file an amended fee application upon a previous finding of noncompliance. Doc. # 161. Compensation for attorneys is authorized by section 330(a) of the Code, provided the attorney complies with the requirements of the Code and the Federal Rules of Bankruptcy Procedure. Section 330(a) states:

(a) After notice to any parties in interest and to the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to ... the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such ... attorney ... and by any paraprofessional person employed by such ... attorney ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title: and

(2) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)[2]. The award of compensation as well as the time of the award, and

---

1. I note that this case was filed prior to October 22, 1994, the effective date of the Bankruptcy Reform act of 1994, and is subject to the debt ceiling in existence at the time of the filing. Pub.L. No. 103–394 § 702, 108 Stat. 4106 (1994); 11 U.S.C. § 109(e). Dr. Meyer, there-

fore, had too much debt at time of filing to be a debtor under Chapter 13.

2. I note that the Bankruptcy Reform Act of 1994 amended section 330(a), however, the new section 330(a) applies only to cases filed after Octo-

the amount of such award is within the discretion of the Court. *In re Land,* 138 B.R. 66 (D.Neb.1992), *aff'd,* 994 F.2d 843 (8th Cir.1993) (Table); 11 U.S.C. §§ 330 and 331. Further, an attorney must apply to the Court for compensation or reimbursement of expenses as set forth in Rule 2016(a) of the Federal Rules of Bankruptcy Procedure. Rule 2016(a) requires an attorney seeking compensation to file an application "setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed.R.Bankr.P. 2016(a). Mr. Desselle argues that he only has to prove to this Court that the services provided were reasonable and necessary pursuant to section 330(a). However, a fee application which sets forth with specificity the exact nature of the services rendered, the time expended, and the expenses incurred is a prerequisite to this Court making a determination that the services were reasonable and necessary. *Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Charles N. Wooten, Ltd. (Matter of Evangeline Refining Co.),* 890 F.2d 1312, 1326–27 (5th Cir.1989) (holding that fee application must be sufficiently detailed to allow court to make an independent evaluation as to what fees are actual and necessary, and finding that failure to keep contemporaneous records does not automatically result in denial of the fees, but the lack thereof justifies a reduction of the fee to the level proven); *Muslin v. Golden Triangle Film Labs, Inc. (In re Golden Triangle Film Labs, Inc.),* 164 B.R. 670, 671–72 (M.D.Fla.1994) (holding that an attorney could be required to disgorge any fees already received if he failed to indicate the specific nature of any services preformed or to produce documentary evidence that he was entitled to such fee); *Kenneth Leventhal & Co. v. Spurgeon Holding Corp. (In re Kenneth Leventhal & Co.),* 152 B.R. 511, 515 (N.D.Ill.1993), *aff'd,* 19 F.3d 1174 (7th Cir.1994) (holding attorneys must present detailed records to enable the court to determine if the services were necessary); *Solomon v. Wein (In re Huhn),* 145 B.R. 872, 875 (W.D.Mich.1992) (holding that applications for attorney's fees must state in detail time spent and the nature of each discrete

task before the court can assess the reasonableness of the fees); *In re Bank of New England Corp.,* 142 B.R. 584, 585–87 (D.Mass.1992) (after finding that the failure to provide detailed records warrants reduction or disallowance of fees, the court reduced a deficient interim fee application by forty-two percent); *In re Land,* 138 B.R. 66, 71 (D.Neb.1992) (holding the court has discretion to deny compensation to an attorney who does not comply with the Code and Bankruptcy Rules and submits a fee application without sufficient specificity); *In re Cascade Oil Co., Inc.,* 126 B.R. 99, 105 (D.Kan. 1991) (holding court has discretion to deny fees so inadequately documented as to prevent a determination of reasonableness); *In re Almacs, Inc.,* 181 B.R. 143, 144 (Bankr. D.R.I.1995) (holding that the detail provided in a fee application is of paramount importance to the Court's determination that the requested fees should be allowed); *In re Poseidon Pools of America, Inc.,* 180 B.R. 718, 730 (Bankr.E.D.N.Y.1995) (holding that if the documentation of services is too vague or nonspecific, the court may not award compensation); *In re Dawson,* 180 B.R. 478, 480 (Bankr.E.D.Tex.1994) (the court reduced a fee application by more than fifty percent finding that there was excessive time spent on tasks, the attorney used average rather than actual times for the tasks, and the description of services was inadequate to determine if they benefitted the estate); *In re Weldon,* 176 B.R. 665, 667 (Bankr.D.R.I. 1995) (holding that deficiencies in a fee application justified a forty-five percent reduction in the allowable fees); *In re Apex Oil Co.,* 128 B.R. 671, 674 (Bankr.E.D.Mo.1991) (finding the failure to identify services by specific dates is grounds to deny compensation). This Court found that Mr. Desselle's fee application failed to provide sufficient detail to make an adequate finding that the services were reasonable and necessary. Additionally, Mr. Desselle has already had two bites of the apple because he was provided an opportunity to submit an amended fee application to rectify the objections expressed by the UST. *In re Busy Beaver Bldg. Centers, Inc.,* 19 F.3d 833, 847–48 (3rd Cir.1994) (holding that the court should allow an attorney a

ber 22, 1994. Pub.L. No. 103–394 § 702, 108     Stat. 4106 (1994).

reasonable time to comply with the specificity requirement of section 330(a) before denying fees). However, Mr. Desselle was unable to adequately justify the necessity of the services rendered because he was unable to describe the services with specific detail after the fact. I also note that this bankruptcy case is now in Chapter 7 after failing to propose a confirmable Plan. There were three Orders to Show Cause issued in the Chapter 11 before debtor filed all the necessary documents required by the Clerk of Court. There will be no funds available for the payment of unsecured creditors. The administrative expenses of the Chapter 11 and the Chapter 7 and the attorneys' fees will more than consume all of debtor's assets. Mr. Desselle still has in his possession assets of this bankruptcy estate which are subject to a turnover Order of this Court. And, Mr. Desselle obtained those assets after failing to provide notice to all parties in interest following his initial interim fee application. For all of the above reasons, I find it as well within the discretion of this Court to reduce Mr. Desselle's fees by $4,000.00, if not more. Therefore, Mr. Desselle's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.